Boyce v. The Wabash R'y Co.

### Boyce v. The Wabash Railway Co.

1. **Practice:** EXCEPTION TO SINGLE CONCLUSION OF LAW: SUFFICIENTLY SPECIFIC. Where a cause was tried to the court, and the judgment was based upon a single conclusion of law, to which plaintiff excepted, *held* that the exception was sufficiently definite and specific.

2. **Jurisdiction:** CAUSE OF ACTION ARISING UNDER THE LAWS OF ANOTHER STATE: RULE APPLIED. Whenever, either by the common law, or the statute law of a state, a right of action has become fixed and a legal liability incurred, that liability may be enforced and the right of action pursued in any court which has jurisdiction of such matters, and can obtain jurisdiction of the parties. It is accordingly *held* that an action will lie in this state against a railway company to recover the damages allowed by the statutes of Illinois for the killing of a mule by the company in that state—it appearing that that statute accords with the statutes and policy of this state; and it makes no difference if it be conceded that the statute in question was passed under what is known as the police power of the state of Illinois.

3. **Appeal to Supreme Court:** WHEN NOT ALLOWED. Where a cause is submitted to the trial court, and the court refuses to make special findings in defendant's favor, and yet renders judgment for him, there is nothing to sustain an appeal by him to this court, and his appeal must be dismissed.

4. **Practice in Supreme Court:** CAUSE REMANDED: PECULIAR CASE. Since defendant in this case acquiesced in nothing but the judgment in his favor, which this court has reversed, because the ground on which it was based (the only ground which this court could consider) was not tenable, but which judgment defendant alleges might. have been supported by other grounds which the trial court erroneously found against it, *held* that the cause should be remanded to the court below, to retry the issues of law and fact to the same extent as if no appeal had been taken.

### *Appeal from Lee District Court.*

#### Wednesday, March 19.

The plaintiff is a resident of the state of Illinois, and brought this action under a statute of that state to recover double the value of a mule, the property of the plaintiff, killed by the defendant in said state. There was a denial of the allegations of the petition, and affirmative defenses pleaded

by the defendant. Trial to the court, finding of facts and judgment for the defendant, and plaintiff appealed, and afterward the defendant appealed.

*Hagerman, McCrary & Hagerman,* for appellant.

*Anderson Bros. & Davis,* for appellee.

SEEVERS, J.—I. The court found that the defendant killed a mule in the state of Illinois, which was the property of the plaintiff, under such circumstances as will entitle

1. PRACTICE: exception to-single conclu- sion of law: sufficiently specific.

the plaintiff to recover double its value under a statute of that state. As a conclusion of law, the court held that, as the action was based on a statute of Illinois, it had no jurisdiction of the subject-matter, and rendered judgment for the defendant, to which the plaintiff excepted.

Counsel for the appellee insist that such a general exception is insufficient, and should, therefore, be disregarded. In support of this position, many cases are cited, which in substance hold, where the charge of the court contains several propositions of law, that a general exception to the whole charge is not sufficiently definite and certain. But it has never been held that an exception to a single instruction or legal proposition, if taken at the time, was insufficient. On the contrary, it has been repeatedly held that an exception to each instruction, if taken at the time the charge was given, was not too general.

This is equivalent to holding that, if there is but a single legal proposition stated in the charge, an exception thereto, if taken at the time it was given, would be sufficient, and could not be disregarded. In effect, this is precisely what the appellant did. There was but a single conclusion of law, and to this the plaintiff excepted. We think he did all he was required to do.

II. This brings us to a consideration of the merits of the plaintiff's appeal. The question to be determined we under-

2. JURISDIC-
TION : cause
of action aris-
ing under the
laws of an-
other state.
stand to be whether there can be a recovery under the statutes of Illinois in the courts of this state. As there is a similar statute in this state, it can properly be said that the policy is the same in both states. If a recovery is allowed, the public policy of this state will not be in any manner infringed. This is not an attempt to give extra territorial force to a statute of this state, nor to recover under a statute thereof for the invasion of a right, or the infliction of a wrong, in some other state or country. This case is, therefore, distinguishable from *Whitford v. Panama R. R. Co.*, 23 N. Y., 465, and *Hyde v. Wabash R. R. Co.*, 61 Iowa, 441.

If this cause of action existed at common law, we apprehend a suit could be maintained and a recovery had in this state. In *Smith v. Bull*, 17 Wend., 323, it was held that an action for assault and battery committed in Pennsylvania could be maintained in New York. It cannot be a subject of dispute that personal actions, whether based on contracts or torts, are, under the common law, transitory. In this and several other states there are statutes providing in substance, where a wrongful act causes death, that a right of action survives to the administrator or next of kin of the deceased.

Under these statutes, it has been determined, in two recent and well considered cases, that an action may be maintained in one state, although the wrongful act which caused the death was committed in another state. *Dennick v. Railroad Company*, 103 U. S., 11; *Leonard v. Columbia Steam Navigation Co.*, 84 N. Y., 48.

These cases are based on the thought, tersely expressed by MILLER, J., in the case first cited, as follows: "It is difficult to understand how the nature of the remedy, or the jurisdiction of the courts to enforce it, is in any manner dependent on the question whether it is a statutory right or common law right. Whenever, by either the common law or the statute law of a state, a right of action has become fixed and a legal liability incurred, that liability may be enforced, and the right

of action pursued, in any court which has jurisdiction of such matters, and can obtain jurisdiction of the parties."

The rule adopted in these cases we deem to be correct, and we are content to follow them, without stating our reasons at length; for we could only repeat what has been so well said in the cases above cited.

The following cases are cited as announcing the contrary doctrine: *Woodard v. Michigan R. R. Co.*, 10 O. St., 121; *Richardson v. N. Y. C. R. R. Co.*, 98 Mass., 85; and *Mc-Carthy v. C., R. I. & P. R. R. Co.*, 18 Kan., 46. We regard it as doubtful whether either of these cases, fairly considered, determines the question whether the action, if brought by the proper person, cannot be maintained.

III.   It is insisted that the statute in question is in the nature of a police regulation, and, therefore, no recovery can THE SAME: be had in this state, because our courts are not rule applied. open for the enforcement of such regulations. It is claimed that this was determined in *State of Indiana v. Helmer*, 21 Iowa, 370. That was an action on a judgment obtained in Indiana in a bastardy proceeding. The question in the case was whether the action could be maintained, and it was held that it could, because the original cause of action had become merged in the judgment, and it was the latter only on which a recovery was asked. But it was in substance said, by way of argument, that the original action could not have been maintained in the courts of this state.

For the purposes of the case at bar this will be conceded; and it may with propriety be said that a bastardy proceeding partakes of the nature of a criminal action. And we apprehend that it is true that the criminal laws of one state cannot be enforced in any other state. But suppose the Indiana stat-ute had given the woman a right of action for damages, and there was a similar statute in this state:—We are not pre-pared to say that an action could not have been brought by the woman under the Indiana statute in this state, and a re-

covery obtained, unless a different policy had been adopted by this state.

It seems to us to be entirely immaterial what the Illinois statute is called. Just as valuable rights may be conferred under a statute which is enacted under what is known as the police power, as if passed because of the inherent power of the state. After all, statutes of all kinds and on all subjects are enacted under and by virtue of the sovereign power of the state. And, if private rights are thereby conferred, why should we stop and inquire under or by what right the statute was enacted, unless it is unconstitutional. The mere fact that the statute was passed under what is known as the police, power, is not a sufficient reason in our judgment why a private right conferred thereby should not be enforced in this state to the same extent as any other statute. It will be conceded, for the purposes of this case, that the statute in question was enacted under the police power of the state, and that, if it was not in accord with, but was contrary to, the public policy of this state as expressed in the statutes thereof, then it cannot and should not be enforced, even for the protection of a private right, in our courts. But, as it accords with the policy and statutes of this state, we are unable to see why it should not be enforced.

IV.  *As to the defendant's appeal.*  Under the isssues, it became material to determine, *First,* whether jurisdiction had been obtained of the person of the defendant; *Second,* whether a train operated by the defendant had killed the mule; *Third,* conceding this last fact, was the defendant liable? and, *Fourth,* conceding that the Illinois statute, giving double damages, was repealed after the right of action had accrued, could such damages be recovered?

3. APPEAL to supreme court: when not allowed.

As to all these propositions of fact or law the court found against the defendant, and yet rendered judgment in its favor. The defendant asked the court to make special findings in its favor, but the court refused to do so, and the defendant

appeals, because of alleged errors committed by the court in some or all of the foregoing particulars. For instance, the defendant strenuously maintains that the mule was not killed by its train, and that as to this, as well as the other questions above stated, it had the right to be heard on appeal. But the appellant replies that, as no judgment has been rendered against the defendant, the right to appeal does not exist, and this position is supported, we think, by *Shannon v. Scott*, 40 Iowa, 629. Counsel for the defendant cite and rely on *Roberts v. Corbin*, 28 Iowa, 355; but that case, in our opinion, is clearly distinguishable. It is further insisted that the finding of the court is in the nature of an "intermediate order, involving the merits, and materially affecting the final decision," and, this being so, the right of appeal exists. Code, § 3164. It may be that a finding of facts should be regarded as such an intermediate order, but, if it was not prejudicial, then the defendant has no just cause of complaint. The intermediate order contemplated by the statute is such an order as will materially affect the final decision, from which an appeal can be taken when the order is made. Certain it is, we think, that the defendant could not have appealed from the finding of facts, if no judgment had been entered. In fact, neither party could have done so. We therefore are of the opinion that the defendant's appeal must be dismissed.

The question, then, is, what order shall be made here for the government of the district court? It has been held that, 4. PRACTICE in supreme court: cause remanded: peculiar case. where there is a finding of facts, the judgment below may be reversed, and a judgment entered in this court for the other party, however much the latter may desire another trial. *Roberts v. Corbin*, before cited.

In that case, however, the party in whose favor judgment was rendered in the district court made no complaint as to the correctness of the facts found, nor did he except to any of the rulings of the court. But, after the supreme court had determined that on the finding of facts the defendant

was entitled to judgment, then the plaintiff for the first time complained that he had not had a fair trial.

In the case at bar, the defendant acquiesced in nothing the district court did, except the final judgment, and as to that it is said that, conceding the incorrectness of the ground on which it is placed, there are several other grounds amply sufficient to sustain it. In other words, the defendant acquiesced in the judgment on the ground upon which it was placed under compulsion. Now, under the circumstances above stated, we think the defendant should not be deprived of its right to take the opinion of the appellate court in relation to the matters above stated. Because, however, of the objection made by the plaintiff, we are unable to do so, and we will order that this case be remanded to the district court, to retry the issues of law and fact, to the same extent as if this appeal had not been taken.

REVERSED.