FREDERICK J. ALLEY *vs.* MAX CASPARI.

Hancock.    Opinion March 7, 1888.

*Courts.    Jurisdiction.    Non-residents.    Practice.*

If a defendant, whose residence is out of the state, be served with process while temporarily present within the state, such process will confer cómplcte jurisdiction over his person in our courts. His bodily presence is equivalent to residence for such purposes.

The municipal court of the city of Ellsworth has the same jurisdiction in an action against a non-resident of the state who is temporarily abiding within Hancock county, if personal service be obtained, that it would have were such person a resident within the county.

ON exceptions.

Appeal from the municipal court of Ellsworth.

The point is stated in the opinion.

*W. P. Foster*, for the plaintiff, cited : R. S., c. 113, § 2 ; 68 Maine, 47 ; 39 Maine, 476 ; 63 Maine, 384.

*Deasy and Higgins*, for defendant.

The Ellsworth municipal court has not jurisdiction by the act of 1869 because the addamnum is over twenty dollars. Special Acts of 1869, c. 29, § 12.

Nor by the act of 1876 because the sole defendant was not a resident of the county. Special Acts of 1876, c. 298, § 2.

Municipal, and in fact all inferior courts, are of limited jurisdiction and are strictly confined to the powers and cases delegated to them by the acts by which they are created, and nothing is inferred in their favor. Their jurisdiction must be affirmatively shown. *Frees* v. *Ford*, 6 N. Y. 176 ; *Case* v. *Woolley*, 32 Am. Dec. 54 ; *Bloom* v. *Burdick*, 37 Am. Dec. 299 ; *Lowry* v. *Erwin*, 39 Am. Dec. 556.

" Commorant " negatives the idea of legal residence meaning a mere temporary place of abode. Raphalje and Lawrence's Law Dictionary ; *Ames* v. *Winsor*, 19 Pick. 247.

The court in this case had neither jurisdiction over the person or subject matter, and both facts appear of record and are not *dehors* the record, hence the writ should abate *ex officio*. *Osgood* v. *Thurston*, 23 Pick. 110 ; *Guild* v. *Richardson*, 6 Pick. 364.

The writ in this action was not legally served upon the defendant in this action. The Revised Statutes of Maine, c. 113, § 2, provides that the oath shall be certified on the " process." In this case it was written upon a piece of paper and attached to the process by one end, which is not a compliance with the statute, hence should have been dismissed on defendant's motion or should abate *ex officio*. *Hall* v. *Staples*, 74 Maine, 178 ; *Guild* v. *Richardson*, 6 Pick. 364.

The defendant's plea in abatement is sufficient in law. Stephen on Pleading, p. 46 ; Chitty on Pl. Vol. 1, p. 497.

It is not necessary in this case that the defendant should give the plaintiff a better writ as this rule only applies in cases where misnomer is pleaded for the defect relied upon depends upon some fact within the peculiar knowledge of the defendant. *Guild* v. *Richardson*, 6 Pick. 364.

The rule of pleading that all affirmative pleadings which do not conclude to the contrary must conclude with a verification, applies only where new matter is pleaded. In this plea no new matter is pleaded. *Hooper v. Jellison*, 22 Pick. 250.

In other cases it is a mere matter of convenience and not necessary. Stephen on Pleading, last of rule 6, p. 436.

The defendant's prayer of judgment at the close of this plea is sufficient. Chitty on Pl. Vol. 1, p. 477.

The sixth rule of the Supreme Judicial Court requiring pleas in abatement to be verified by affidavit does not apply to actions begun in municipal courts.

PETERS, C. J. In a writ, returnable to the municipal court of the city of Ellsworth, a tribunal having jurisdiction in actions where not exceeding one hundred dollars of debt or damage is demanded, and the person sued is a resident of Hancock county, the defendant is described as commorant of Eden, within that county, and was arrested on the writ as he was about to remove his residence out of the state. He disputes the jurisdiction of the municipal court upon the plea that, when arrested, he was not a resident of any place in Hancock county, but had his residence in Boston in the commonwealth of Massachusetts.

We think he was a resident in Eden, in the meaning of the act creating the municipal court, while personally present there, and having at the time no permanent home or residence elsewhere in this state. Such residence as he had, all that he had, in Maine, was in Eden. His bodily presence there was, for jurisdictional purposes, equivalent to residence. His permanent domicil may have been in Massachusetts, but his domicil for the time being, his transitory domicil, was in Maine, and he was a commorant of any place where found. If it were not so, then none of our courts have jurisdiction of defendants who are non residents of the state, but are personally present within its borders, for the statutes do not provide for such cases, if the defendant's theory be correct.

Story, in his Conflict of Laws, § 581, founds this jurisdiction of courts on the axiom laid down by Huberns, that all persons

who are found in the limits of a government, whether the residence be permanent or temporary, are to be deemed subjects thereof. Wharton takes the same view of the law, citing English and American cases in its support. Whar. Con. Laws, § 742. Our own reported cases have not embraced the question, but our practice has always been in accordance with the rule stated. In Massachusetts, there are several interesting and instructive cases on the subject. *Barrell* v. *Benjamin*, 15 Mass. 354; *Roberts* v. *Knights*, 7 Allen, 449; *Peabody* v. *Hamilton*, 106 Mass. 217. These cases cover the ground fully. In one of them the question arose in the police court of Boston, a court of limited jurisdiction. And in the case last cited, the court decided that a personal action of a transitory nature might be maintained against a citizen of another state, even if the plaintiff be an alien, if the defendant be personally served with process, either by summons or arrest, although the process be served on board of a foreign vessel arriving from a foreign port, and before the vessel was moored at the wharf. The defendant in that instance was described as of New York, and commorant of Boston.

The true interpretation of the principle is, that when an alien or non resident is personally present in any place in the state, however temporarily or transiently in such place, whether abiding, visiting, or traveling at the time, a process duly served upon him will confer complete jurisdiction over his person in our courts.                                            *Exceptions overruled.*

WALTON, DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.