Rockingham, }
March 7, 1902. }

### DRISCOLL v. PORTSMOUTH, KITTERY & YORK STREET RAILWAY.

CASE, for personal injuries. Transferred from the superior court by *Young*, J.

The writ describes the defendants as " a corporation organized under the laws of the state of Maine and doing business in York county in said state, but also having a place of business at Portsmouth," New Hampshire. The returns upon it show that a ferryboat valued at $9,000 was attached, that a Portsmouth bank was summoned as trustee, and that service was made upon the defendants by giving in hand to F., "agent in charge of affairs of said P., K. & Y. St. R'y Co., at the office of said company in the city of Portsmouth," a true and attested copy of the writ.

The defendants appeared specially and pleaded, among other things, that the court have no jurisdiction of the action because the plaintiff is a resident of Maine, and the defendants are a corporation established by the laws of Maine and having their principal place of business in that state. The plaintiff filed a demurrer which was sustained, subject to the defendant's exception.

*John W. Kelley*, for the plaintiff.

*Samuel W. Emery*, for the defendants.

CHASE, J. The defendants do not contend that the courts of this state cannot entertain jurisdiction of the action, but say it is within their discretion whether they will do so or not. If so, the question is one of fact rather than of law, and should be decided in the superior court.

*Exception overruled.*

All concurred.