ORLANDO W. FOSS, JR.

*vs.*

NATHAN B. RICHARDS

Hancock.    Opinion November 16, 1927

*Transitory actions, in general, may be tried in this state whenever personal service can be made on the defendant.*

*But in actions between non-residents based on a cause of action arising outside the state, where no attachment has been made in this state, the courts are not obliged to entertain jurisdiction.   They may, and usually do, on principles of comity, but not as a matter of strict right.   It lies within the discretion of the courts whether.or not they will entertain such a transaction.*

In this case it was within the discretionary power of the court to take or to decline to take jurisdiction in this action and it is a general and well recognized rule that exceptions do not lie to the exercise of judicial discretion unless that discretion has been clearly abused.                                                '

On exceptions.   Both plaintiff and defendant in this action were non-residents and personal service was made upon defendant while in this state, but the cause of action arose in another state and no property of the defendant was attached in this state.   On the first day of the return term defendant appeared specially by counsel and filed a plea of abatement and a motion to dismiss, which was granted and plaintiff excepted.   Exceptions overruled.

The case sufficiently appears in the opinion.

*MacKenzie, Perry & Greene, and Edmond J. Walsh,* for plaintiff.

*Harry L. Crabtree,* for defendant.

SITTING:   WILSON, C. J., PHILBROOK, DUNN, DEASY, PATTANTANGALL, JJ.

PHILBROOK, J. The writ in this case declares that the plaintiff is a resident of Melrose, County of Middlesex and Commonwealth of Massachusetts, and at the date of the writ was commorant of Ellsworth, in the County of Hancock and State of Maine. The defendant is alleged to be a resident of Manchester, County of Hartford, State of Connecticut and at the date of the writ was commorant of Ellsworth aforesaid. The action was in a plea of deceit, wherein it was alleged that the cause of action arose in Boston, Suffolk County, Massachusetts. The writ was dated October 16, 1926, and was served on the same day by a deputy of the sheriff of Hancock County, the return of the officer showing that the attachment was a nominal one, to wit, "a chip" but that the service upon the defendant was made by giving him in hand a separate summons for his appearance at court as within commanded.

The writ was returnable at the April term of the Supreme Court, A. D. 1927, at Ellsworth, and on the first day of said term the defendant filed a motion to dismiss on the ground that both the plaintiff and the defendant were non-residents of the State of Maine, that the cause of action arose outside said state, that the defendant had no goods or estate in said state which were attached upon the writ, and because the writ was served upon the defendant when he was temporarily present in the State of Maine attending court, wherefore, the defendant says that the Supreme Judicial Court of Maine had no jurisdiction over the person of the defendant and prayed that the court would exercise the discretion inherent in it, in such case, and dismiss the action.

The motion to dismiss having been granted, the plaintiff seasonably took exceptions.

In the bill of exceptions allowed by the presiding justice the plaintiff claimed that the court should have taken and retained jurisdiction as a matter of law, and that if the court could legally dismiss such action as a matter of discretion that such dismissal was an abuse of discretion.

Two questions therefore are submitted to us for decision: first, should the court have taken and retained jurisdiction as a matter of law; second, if such jurisdiction should not have been taken and retained as a matter of law, was there any abuse of discretion in dismissing the action.

Examination of the declaration discloses the fact that the cause of action upon which the plaintiff relies is deceit with reference to the ownership of a certain trade name and representations of such alleged ownership which induced the plaintiff to become an endorser upon a negotiable note given by the alleged owner.   This is, therefore, a transitory action.   It is well settled law that every state has jurisdiction over all persons found within its territorial limits for the purpose of entertaining actions which are transitory in their nature, and that it may maintain jurisdiction of such persons with a right to pursue such jurisdiction to final judgment, in all cases where process is served within the territorial limits of the jurisdiction of the court issuing it.   In general, transitory actions may be tried wherever personal service can be made on the defendant.   *State v. District Court*, 40 Mont. 359, 106 Pac. 1098, 135 A. S. R. 622.

Our own court adopted this rule in *Alley v. Caspari*, 80 Me. 234, 14 Atl. 12, 6 A. S. R. 178, where it was held that a personal action of a transitory nature might be maintained against a citizen of another state, even if the plaintiff be an alien, if the defendant be personally served with process, either by summons or arrest.   In the case just cited, speaking through Mr. Chief Justice Peters, our court said, "the true interpretation of the principle is, that when an alien or non-resident is personally present in any place in the state, however temporarily or transiently in such place, whether abiding, visiting, or traveling at the time, a process duly served upon him will confer complete jurisdiction over his person in our courts."

But the law is equally well settled that in actions between non-residents based on a cause of action arising outside the state, where no attachment has been made in this state, the courts are not obliged to entertain jurisdiction.   They may, and usually do so, on principles of comity, but not as a matter of strict right.   In other words, it lies within the discretion of the courts whether or not they will entertain such a transitory action.   Dealing with this question of jurisdiction on the equity side of the court it was said in *National Tel. Mfg. Co.* v. *Du Bois*, 165 Mass, 117, 42 N. E. 510, 52 A. S. R. 503, that the courts of equity in that state are not open to the plaintiff as a matter of strict right, but as a matter of comity; and if it appears that complete justice could not be there done, or that the amount involved is small and that the defendant will be subjected

to great and unnecessary expense and inconvenience, and that the investigation required will be surrounded with many and great difficulties, which might all·be avoided without especial hardships of the plaintiff, if suit is brought against the defendant in the state where he lives, and where the cause of action arose, and where personal service could be made on him, the court ruled that it should decline to take jurisdiction. This principle is elaborately discussed in *Disconto Gesellschaft* v. *Umbreit*, 127 Wis. 651, 106 N. W. 821, 115 A. S. R. 1063, where there is also a critical note. See also *Eingartner* v. *Illinois Steel Company*, 94 Wis. 70, 59 A. S. R. 859, where both the opinion of the court and the extended note state the law fully and correctly.

It is the opinion of the court that in the instant case the court might have assumed jurisdiction, if it saw fit, but that it was plainly within its rights when it declined to take jurisdiction and dismissed the action.

As to the exception relating to the exercise of judicial discretion, our own court in *Day* vs. *Booth*, 122 Me. 91, stated that "it is a general and well recognized rule that exceptions do not lie to the exercise of judicial discretion unless that discretion has been clearly abused." No such abuse appears in the case at bar, and the mandate in answer to both questions submitted to us for decision will be

*Exceptions overruled.*