## Weintraub et ux. v. Ware et ux.

(Decided May 2, 1930.)

HORACE W. ROOT for appellants.

BARBOUR & BASSMANN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Hyman L. Weintraub and his wife, Mollie Weintraub, sued George C. Ware and his wife, Blanche G. Ware, for the specific performance of a contract. They were unsuccessful in the trial court, and have appealed. This is the contract upon which they sued:

"This contract made and entered into by and between George C. Ware and Blanche Ware, his wife, and Hyman L. Weintraub and Mollie Weintraub, his wife, who agree to exchange the following properties on the following terms and conditions.

"George C. Ware and Blanche Ware, his wife, agree to convey to Hyman L. Weintraub and Mollie

Weintraub, his wife, the property located at No. 113 Fifteenth Street, Clifton, Kentucky, consisting of a brick house of 5 rooms and reception hall, Lot No. 25, Block A, lot extending back to Fourteenth St. and thirty-five hundred dollars in cash, to be paid at time of closing deal. Said property shall be conveyed by deed of General Warranty with title free, clear and unencumbered, except taxes for 1928.

"If any defect in the plumbing, wiring, heating, piping or other defect in house shall develop after same is tested, then the same shall be repaired by the said George C. Ware without any expense to the said Weintraub. Present sewer system guaranteed to be in good condition, according to present ordinances of Clifton.

"For and in consideration of the above Hyman L. Weintraub and Mollie Weintraub, his wife, agree to convey to George C. Ware and Blanche Ware, his wife, the property located at No. 33 Tremont Ave., Fort Thomas, Kentucky, which said property shall be conveyed free, clear and unencumbered, except a mortgage to the National Loan and Bldg. Assn. for $9,500.00 on which there is a balance due of $7,500.00 which the grantee assumes and agrees to pay. Said purchaser to pay taxes for 1928. Property in condition as above to be examined at once, not after vacancy.

"The substance of this agreement is that the property located at No. 113 Fifteenth Street and $3,500.00 in cash shall be paid in exchange for the property located at No. 33 Tremont Ave.

"Said deal to be closed on or before 15 days from date hereof, and the said Weintraub shall have 30 days possession from that date without any rental charge.

"This contract signed in duplicate by the parties hereto this 1st day of May, 1928.

"(Signed)      "George C. Ware.
"Blanche G. Ware.
"Hyman L. Weintraub.
"Mollie Weintraub."

In due form and time, the Weintraubs executed and tendered to the Wares a deed which it is admitted fully complies with the contract on the part of the Weintraubs. They demanded that the Wares should accept it and in

return should convey to the Weintraubs the property located at 113 Fifteenth street, Clifton, Ky., by general warranty deed and free of incumbrances except taxes for 1928, and should pay to the Weintraubs $3,500 in cash, which the Wares refused to do. Thereupon the Weintraubs sued for specific performance of the contract.

The execution of this contract is admitted, but the Wares and the Weintraubs are unable to agree upon the meaning of it, and the Wares in their answer thus state their understanding of the contract:

Defendants state that defendants agreed and by said contract did agree to convey, clear, free, and unincumbered, the property located at No. 113 Fifteenth street, and to pay an additional $3,500 to the plaintiffs, in consideration that the plaintiffs convey to defendants the property located at No. 33 Tremont avenue, free and unincumbered, save taxes for 1928 in each case.

Defendants state that it was further agreed by and between plaintiffs and defendants that the defendants would finance the plaintiff for the purpose of carrying out said contract, if the plaintiff so desired, by assuming, and that the defendants would assume, the payment of the balance of said $7,500 upon property located at No. 33 Tremont avenue, to be conveyed to defendants, by plaintiffs, in which event the defendants would retain the said $3,500 cash payment and credit same to plaintiffs, and would convey to plaintiffs the property located at No. 113 Fifteenth street incumbered to the extent of $4,000, the payment of which incumbrance plaintiffs would assume, or the defendants would accept a mortgage from plaintiffs upon said property located at No. 113 Fifteenth street in the sum of $4,000.

Defendants state that the draftsman of said contract, by a mistake and inadvertence on his part, erroneously inserted in said contract that the plaintiffs were to convey the property located at No. 33 Tremont avenue, free, clear, and unincumbered, "except a mortgage to the National Loan & Bldg. Assn. for $9,500.00 on which there is a balance due of $7,500.00, which the grantee assumes and agrees to pay," and erroneously omitted therefrom the condition under which the payment of said balance of $7,500 was to be assumed by the defendants herein, which condition was as hereinbefore set out, and which ought to have been included in said contract, and that the

172

said parties, by mutual mistake, signed said contract without said condition having been specifically inserted therein.

Wherefore they asked the court to reform the contract so that it would read as the Wares understand it, a portion of which relief the court granted them by requiring the Weintraubs to accept from the Wares $3,500 in cash and a conveyance of the property in Clifton subject to the taxes for 1928 and a lien for $4,000.

The disagreement of these parties and, as a result, this lawsuit, is caused by these three lines in this contract: "The substance of this agreement is that the property located at No. 113 Fifteenth Street and $3,500.00 in cash shall be paid in exchange for the property located at No. 33 Tremont Ave."

It is the contention of the defendants that this contract means that the Ft. Thomas property is worth only $3,500 more than the property in Clifton, and that this trade was made on that understanding. It is the contention of the Weintraubs that these three lines mean that the Ft. Thomas property, when conveyed and incumbered, as stated in this contract, was worth $3,500 more than the property in Clifton when conveyed free of all incumbrances except taxes; in other words, that the Ft. Thomas property is worth $11,000 more than the property in Clifton.

Excluding the evidence of the parties, the value of the Clifton property as fixed by a general average of all the witnesses is about $8,000, and the value of the Ft. Thomas property, fixed in the same way, is a little over $15,000.

If enforced as Weintraub contends, the Wares have made a bad trade; if enforced as the Wares contend, Weintraub has made a bad trade.

This is taken from 25 R. C. L. p. 218: "One of the fundamental rules respecting the specific performance of contracts is the performance will not be decreed where the contract is not certain in its terms. The terms must be complete and free from doubt or ambiguity, and must make the precise act which is to be done clearly ascertainable."

This contract is too uncertain to authorize specific performance; the minds of the parties have never met. We cannot decree specific performance of such contracts. McGowan v. Shearer, 176 Ky. 312, 195 S. W. 485;

McKnight v. Broadway Investment Co., 147 Ky. 535, 145 S. W. 377; Rankin v. Maxwell, 9 Ky. (2 A. K. Marsh.) 490, 12 Am. Dec. 431; Fowler v. Lewis, 10 Ky. (3 A. K. Marsh.) 445; Gray v. Davis, 26 Ky. (3 J. J. Marsh.) 383; Reed v. Hornback, 27 Ky. (4 J. J. Marsh.) 377; Tharp University School v. Komus Realty Co., 159 Ky. 386, 167 S. W. 136.

Wherefore the judgment is reversed, with directions to dismiss the petition.