RUNNING *v.* SOUTHWEST FREIGHT LINES, INC.

5-1265                                          303 S. W. 2d 578

Opinion delivered May 13, 1957.

*McMath, Leatherman & Woods,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

PAUL WARD, Associate Justice. The questions for decision are: Did the Circuit Court have the discretionary right to refuse to take jurisdiction of a certain cause of action, and, if so, did it abuse that discretion?

On November 5, 1953 appellant, Clifton Running, filed a complaint in the Circuit Court of Pulaski County, Arkansas against appellee, Southwest Freight Lines, Inc., containing the following material allegations: Appellant is now and at all times mentioned was a resident of Missouri; Appellee has at all times mentioned been a corporation existing under the laws of Missouri with its principal place of business in Kansas City, Kansas, it is authorized to do business in Arkansas, and had appointed a resident agent for Arkansas; On December 27, 1950 appellant was injured in the State of Illinois because of the negligence of appellee's agent while driving a truck loaded with merchandise, and; As a result of such negligence and injury he was damaged in excess of $150,000.

Service of summons on appellee was had by delivering a copy to the said agent for service in Little Rock, Arkansas.

On November 25, 1953 appellee filed a motion to dismiss the above complaint upon the following grounds: 1. The Court is without jurisdiction of the cause; 2. Appellant, on July 21, 1953, filed a complaint on the same cause of action against the same appellee in the Circuit Court of Jackson County, Missouri, and thereafter, on August 14, 1953, voluntarily dismissed the same. Also the maintenance of this cause of action is contrary to *public policy* and constitutes a *burden* on the courts of Arkansas, and; 3. The alleged cause of action is barred by the statute of limitation in Illinois and appellee pleads the same.

On June 2, 1953 the parties stipulated substantially as follows: The facts set forth in the complaint, relative to dates and residences, are correct; This cause of action does not arise out of any business or operation of either appellant or appellee in the State of Arkansas, and; The allegations in the motion to dismiss relative to the suit and non-suit in Missouri are correct.

On June 22, 1956 the trial court considered appellee's motion to dismiss, presented on the complaint and

stipulation, and sustained the same on the ground that acceptance of jurisdiction would constitute a *burden* on the courts of Arkansas.

For a reversal, appellant bases his argument on three grounds, *viz:* I. The lower court had jurisdiction; II. This Court, by its former decisions, has established the rule that jurisdiction will be accepted in this type cause of action, and; III. Even though it be held that the trial court had discretion in the matter, it was an abuse of discretion in this instance to refuse jurisdiction.

## I

We agree with appellant that the trial court in this case, had a right to exercise jurisdiction if it had chosen to do so. This fact is not disputed by appellee, and it has been established by the decisions of this court. See, *St. Louis & San Francisco Ry. Co.* v. *Brown,* 62 Ark. 254, 35 S. W. 225; *St. Louis I. M. & S. R. Co.* v. *Haist,* 71 Ark. 258, 72 S. W. 893; *Yockey* v. *St. Louis-San Francisco Ry. Co.,* 183 Ark. 601, 37 S. W. 2d 694.

## II

We cannot agree, however, that the decisions above cited, or any decisions of this court, have established a rule which binds, or should bind, the courts of this State to accept jurisdiction in this case. A careful examination of our cases disclosed that they do not deal with the exact question presented here. Either there was not the same situation as to location of parties and cause of action as here or the question of jurisdiction was not raised.

In the opinions of many courts and textwriters it is important that courts have some discretion in accepting or rejecting jurisdiction in this kind of case in order to protect themselves and the people from the burden ensuing from imported cases, and in order to avoid hardships on and inconveniences to litigants. The necessity for this discretion has found expression in the doctrine known as *forum non conveniens.* The California Law

Review, Vol. 35 page 388, gives credit to a law review writer for bringing the term into American law, "contending that all American Courts had inherent power to decline jurisdiction under the doctrine." It is also there stated that: "After this article the use of the term became so general that in 1941 Justice Frankfurter referred to the 'familiar doctrine of *forum non conveniens* as a manifestation of a civilized judicial system which is firmly imbedded in our law.' "

We recognize that not all courts have adopted the doctrine of *forum non conveniens* or recognize the discretion to reject jurisdiction where the court had power to exercise it, but we think the doctrine is sound. At least we are unwilling to hold that a court of this State has absolutely no discretion under any circumstances in cases of this nature.

Some of our own decisions indicate, if they do not exactly hold, that our courts can exercise discretion in the matter of accepting or refusing jurisdiction. In the case of *Grovey* v. *Washington National Life Ins. Co.,* 196 Ark. 697, 119 S. W. 2d 503, the court quoted with approval from R. C. L. the following: " 'But in actions between nonresidents based on a cause of action arising outside the state, the courts are not obliged to entertain jurisdiction. They may and usually do so on principles of comity, but not as a matter of strict right. In other words, it lies within the discretion of the courts whether or not they will entertain such a transitory action.' " Likewise in *Altshuler* v. *Altshuler,* 222 Ark. 271, 258 S. W. 2d 545, this court in referring to the doctrine of *forum non conveniens* as it is discussed in Am. Jur., said:

"Without quoting, it suffices to say this authority recognizes that the matter of forum, in instances like the one presented here, involved 'the exercise of judicial discretion' on the part of the trial judge, . . ."

Many other jurisdictions uphold the discretionary powers of court to accept or reject jurisdiction in certain cases, and many of them recognize and apply the doc-

trine of *forum non conveniens*. See: *Driscoll* v. *Portsmouth K. & Y. St. Ry.,* 71 N. H. 619, 51 A. 898; *Foss* v. *Richards,* 126 Me. 419, 139 A. 313; *Stewart* v. *Litchenberg,* 148 La. 195, 86 So. 734; *St. Louis-San Francisco Ry. Co.* v. *Superior Court,* Okla., 290 P. 2d 118; *Price* v. *Atchison, T. & S. F. Ry. Co.,* 42 Cal. 2d 577, 268 P. 2d 457, and; *Johnson* v. *Chicago, Burlington and Quincy Railroad Co.,* 243 Minn. 58, 66 N. W. 2d 763.

## III

Having concluded that the trial court could exercise discretion in the matter of assuming or rejecting jurisdiction under the facts and circumstances of this case, then the question presented is: Did the trial court abuse its discretion in refusing jurisdiction?

The answer to the above question must be considered in the light of the fact that neither side introduced any evidence. Appellee takes the position that the facts shown in the pleadings and the stipulation are ample to sustain the trial court's action (or discretion) in refusing to assume jurisdiction, but we do not agree. The facts referred to may be listed as follows: (a) Appellant is a resident of Missouri; (b) Appellee is domiciled in Missouri and is authorized to do business in Arkansas; (c) The cause of action arose in Illinois; (d) Appellant filed and dismissed a suit on this same cause of action in Missouri, and; (e) The statute of limitation has run on the cause of action in Illinois. Without much question facts (d) and (e) can be eliminated. The former could have no possible bearing on the matter, and the latter is equally favorable to appellant. See: *Price* v. *Atchison, supra.* Thus it is seen that the only facts presented to the trial court were those which are necessary to raise the question being here considered, and none on which to base choice or discretion. Consequently, there is no way or means by which this court can intelligently determine whether or not the trial court abused its discretion.

Our examination of the cases applying the doctrine of *forum non conveniens* reveals that several factors

have a bearing on the question of accepting or rejecting jurisdiction, such as; the inconveniences that might accrue to either side in the matter of obtaining witnesses or documents. Whether considered included in the said doctrine or not, we see no reason why the trial court should not properly consider other facts and factors of a different nature, such as the condition of the trial docket, the probable expense of the trial, and any other facts or circumstances affecting a just determination.

Since the record in this case contains no testimony upon which the court could base its discretion, and, consequently no testimony on which we can say whether the trial court abused its discretion, it becomes necessary to determine which party had the duty of producing such testimony. It is our conclusion, after careful consideration, that this burden rested on appellee. In the ordinary motion to dismiss, where testimony is required, the burden is always on the moving party to produce evidence to sustain the allegations of his motion, and we know of no good reason why the same rule should not apply here.

Since the questions involved on this appeal are somewhat novel and there has been announced no rule to guide trial courts in such matters, we think justice would be served by reversing this cause with directions to proceed further on appellee's motion in accordance with this opinion, and it is so ordered.

Justice McFADDIN concurs.

Justice MILLWEE would affirm.

ED. F. McFADDIN, Associate Justice (concurring). I concur in the reversal of this case; but I regret very much to see the majority adopt by judicial legislation the doctrine of *forum non conveniens* in regard to transitory tort actions.[1] This is the usual transitory tort action: the plaintiff is a resident of Missouri; the alleged tort occurred in Illinois; and the suit is brought in Arkansas where

---

[1]*Grovey* v. *Washington Natl. Ins. Co.*, 196 Ark. 697, 119 S. W. 2d 503, was not a transitory tort action, but rather a foreign contract matter. There is a big distinction between actions *ex contractu* and actions *ex delecto*.

service was obtained on the defendant. The defendant interposed the plea of "forum non conveniens"; and this Court now sanctions that plea. I think the doctrine of *forum non conveniens* should not be applied to transitory tort actions, absent any legislative enactment. To demonstrate why I entertain such views is the purpose of this concurrence.

Volumes have been written on this (to Arkansas) new strange doctrine of *forum non conveniens*. In 35 Calif. Law Review (1947) at page 380 there is an exhaustive article on the subject; but I haver never yet found a good definition of *forum non conveniens* as applied to transitory tort actions. In *Gulf Oil Co.* v. *Gilbert*, 330 U. S. 501, 91 Law. Ed. 1055, 67 S. Ct. 839, the Court said: "The principle of *forum non conveniens* is simply that a Court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." No one is imposing on the jurisdiction of the Arkansas courts when such a person files a transitory cause of action in this State. Our statutes on venue may be found in § 27-601 *et seq.* Ark. Stats. After prescribing the venue in various kinds of actions, § 27-613 says: "Every other action may be brought in any county in which the defendant . . . is summoned." The Constitution of the United States in Art. IV, Section 2, says: "The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States". If Running had been a citizen of Arkansas he could have maintained this cause of action in Arkansas. Why refuse him right to redress because he is a resident of Missouri? Notwithstanding what the Supreme Court of the United States said in *Missouri ex rel. Southern Railway Co.* v. *Mayfield*, 340 U. S. 1, 95 Law. Ed. 3, 71 S. Ct. 1, and in the other cases cited therein, I am still of the view that the doctrine of *forum non conveniens*, when applied in a State court on a transitory cause of action against a non-resident

of the State, is in violation of the said quoted section of the United States Constitution.[2]

Aside from the constitutional question, there are other reasons why I think the majority, in the case at bar, has made a mistake in adopting any part of the rule of *forum non conveniens.* Three points suffice:

I. *The majority is in effect overruling some of our earlier cases in point.* In *St. L. S. F. Ry. Co.* v. *Brown,* 62 Ark. 254, 35 S. W. 225, the plaintiff was a resident of Indian Territory; the tort occurred in Missouri; and the railroad company was sued in Arkansas wherein it had an agent for service of process. The railroad company objected to the suit on a plea not designated as *forum non conveniens* in 1896, but almost to the same effect. This Court, in a unanimous opinion delivered by Chief Justice BUNN, said, and I quote at length:

"The principal argument of defendant's counsel is devoted to its contention that, since plaintiff was a resident of the Indian Territory, and since the injury was done in the state of Missouri, and since the case must be adjudicated according to the laws of the latter state, therefore it is contrary to the public policy of this state to lend the aid of her courts to settle the controversies of parties so situated, and thus the trial court was without jurisdiction. On this particular subject, we cannot better express our views than by quoting from others. In the case of the *Chicago, St. Louis & New Orleans Railroad Company* v. *Doyle,* 60 Miss. 977, Chief Justice CAMPBELL, in delivering the opinion of the court, said: 'The right of action for damages for killing a husband, given by the statute of Tennessee, may be asserted in the courts of this state, because of the coincidence of the statutes on this point, and, independently of this, because a right of action created by the statute of another state, of a transitory nature, may be enforced

---

[2]For cases from some courts either directly holding or pointing in the direction stated, see *Eingartner* v. *Ill. Steel Co.,* 94 Wis. 70, 68 N. W. 664, 59 Am. St. Rep. 859, 34 L. R. A. 503; *Morgan* v. *Neville,* 74 Pa. 57; *Steed* v. *Harvey,* 18 Utah 367, 54 Pac. 1011, 72 Am. St. Rep. 789; *Bourestom* v. *Bourestom,* 231 Wis. 666, 285 N. W. 426.

here, when it does not conflict with the public policy of this state to permit its enforcement; and our statute is evidence that our policy is favorable to such rights of action, insteading of being inimical to them . . .' —citing *Dennick* v. *Railroad Co.*, 103 U. S. 11; *Nashville etc. R. Co.* v. *Sprayberry*, 8 Baxter 341; *Selma etc. Ry. Co.* v. *Lacey*, 49 Ga. 106; *Leonard* v. *Columbia etc. Co.*, 84 N. Y. 48 . . .

"We append a list of authorities touching each phase of this question, or rather the reason of the rule from the different standpoints from which the question has been discussed. The common law rule is that, where the right of action is transitory in its nature, courts everywhere, when the defendant may be lawfully summoned to appear therein, have jurisdiction; and, when the suit is governed by statute of the state in which the injury is committed, courts of another state, having similar laws, or where it is not contrary to its public policy, will enforce such laws, by the rule of comity. *Eureka Springs R. Co.* v. *Timmons*, 51 Ark. 459; *Boyce* v. *Ry. Co.*, 63 Ia. 70; *Morris* v. *R. I. & Pacific R. Co.*, 65 Ib. 727; *Herrick* v. *M. & St. L. R. Co.*, 31 Minn. 11; *Tex. & Pac. R. Co.* v. *Cox*, 145 U. S. 593; *Wintuska* v. *L. & N.R. Co.;* 20 S. W. 819."

Our holding in the foregoing case allowed a transitory tort action to be brought in this State wherever service of process could be obtained. Other cases on down through the years reaffirming this rule are: *St. L.I.M. & S. Ry. Co.* v. *Haist*, 71 Ark. 258, 72 S. W. 893; *Viking Frt. Co.* v. *Keck*, 202 Ark. 663, 153 S. W. 2d 166, 152 S. W. 2d 554; and *Yockey* v. *St. L. S. F. Ry. Co.*, 183 Ark. 601, 27 S. W. 2d 694. In the light of these cases recognizing the right of a plaintiff to bring a transitory tort action in any jurisdiction in Arkansas in which the defendant could be served, I cannot see how this Court can now recede from these holdings and embrace this new and strange doctrine of *forum non conveniens.*

II. *In adopting the rule of forum non conveniens this Court is engaging in judicial legislation.* As here-

tofore stated, our various statutes on venue may be found in § 27-601 *et seq.* Ark. Stats. After prescribing the venue in various kinds of action, § 27-613 says: "Every other action may be brought in any county in which the defendant . . . is summoned." In *Chambers* v. *Gray,* 203 Ark. 858, 158 S. W. 2d 926, we held that plaintiff's cause of action for injuries sustained in an auto collision in another state was a transitory cause of action and — under said § 27-613 — could be brought in any court in which service could be obtained on the defendant. Section 27-613 has not been changed by the Legislature. But the majority is amending it in the case at bar.

Hon. Robert A. Leflar[3] in his volume on "Conflict of Laws" in § 82 has the following:

"Generally speaking, causes of action for tort are transitory, that is, can be sued upon anywhere that service is had on the defendant tort feasor."

After pointing out that Arkansas regularly allowed such suits, Dr. Leflar has this to say regarding the rule of *forum non conveniens*:

"A few states apply discretionary doctrine of *forum non conveniens* to exclude suits between non-resident parties on foreign causes of action, on the theory that they can be more fairly and less expensively tried at some other forum, but Arkansas has not yet availed itself of this useful exclusionary rule; . . ."

and in § 6 of the same volume Dr. Leflar, in speaking further of *forum non conveniens,* says: "In states like Arkansas where the doctrine has not yet been established, a statute may be necessary to establish it . . ."

Now, since 1938 the leading Arkansas authority on conflict of laws has been of the opinion that it would take a legislative enactment to put into effect in Arkansas this doctrine of *forum non conveniens* in transitory tort actions; yet this Court is now adopting the

---

[3] Former Dean of the University of Arkansas School of Law and former Justice of the Arkansas Supreme Court.

doctrine without any legislation. Therefore, I insist that the majority is engaging in judicial legislation.

III. *The majority adopts the doctrine of forum non conveniens but leaves it undefined and unlimited.* No one can now tell, from the majority opinion in this case, what kind of evidence a defendant would be required to offer to a trial court in order to get that court to hold that the doctrine of *forum non conveniens* applied. None of the Federal cases would help in the matter because the Federal rule on *forum non conveniens* is for a *transfer* of the proceedings and not a *dismissal.* In U.S.C.A. Title 28, § 1404, the statute reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ." It is one thing to *transfer* a pending suit to some other court nearer to the place of the witnesses — as is the Federal rule — and quite another thing to outright *dismiss* a case. Furthermore, if the dismissal is because the defendant is a non-resident, I maintain that such constitutes a discrimination against him under the United States Constitution previously mentioned.

## CONCLUSION

So I reiterate, the majority opinion in adopting the rule of *forum non conveniens* in regard to transitory tort actions is departing from our ancient holdings, and embracing a new doctrine that embarks us on a sea of "discretionary jurisdiction" which will take us years to adequately define.