TEXAS AND PACIFIC RAILWAY COMPANY v. A. W. HORNBECK.

Decided March 15, 1897.

1. Venue—Place of Performance.

Sec. 5, art. 1194, Rev. Stats., applies as well to non-resident corporations as to residents. The privilege given by sec. 25 of that article, of suing a non-resident corporation in any county in which it maintains an agent was not intended to limit the right given by section 5 of such article to sue a defendant in any county in which he had contracted in writing to perform the obligation sued on. (P. 498.)

2. Same

A railway corporation of another State, having offices and agents, but no line of road, in this State, can be sued for damages to goods in any county in which by its bill of lading it has contracted to deliver them, though it has limited its liability to damages occurring on its own line; and cannot claim the privilege of being sued only in a county in which it has an agent. (Pp. 497, 498.)

QUESTIONS CERTIFIED by Court of Civil Appeals, Fifth District, in an appeal from Dallas County.

*Henry & Crawford*, for appellant.—Rev. Stats., art. 1194, sec. 5, does not apply to foreign corporations doing business in this State, but merely

to inhabitants of the State and the venue prescribed by sec. 25, (a later and special enactment) is exclusive as to such institutions. Railway v. Whitley, 77 Texas, 126; Railway v. Gonzales, 151 U. S., 496; Shaw v. Quincy Mining Co., 145 U. S., 444; Railway v. Blount, 3 Texas Civ. App., 282; Montague County v. Meadows, 31 S. W. Rep., 694.

Under the holdings of the Supreme Court in the case, McCarn v. Railway, 84 Texas, 352 (following Railway v. Baird, 75 Texas, 257, Hunter v. Railway, 76 Texas, 195, and other cases) the contract of the Missouri Pacific Railway Company was not an obligation to be performed in Dallas County. Railway v. Baird, 75 Texas, 257; Hunter v. Railway, 76 Texas, 195; Railway v. Williams, 77 Texas, 121; McCarn v. Railway, 84 Texas, 352; Railway v. Johnson, 29 S. W. Rep., 429; Railway v. Allcorn, 23 S. W. Rep., 186; Railway v. Hawkins, 30 S. W. Rep., 1113; Railway v. Geer, 5 Texas Civ. App., 349; Railway v. Jackson, 4 Willson's C. C., sec. 47; Philleo v. Blythe, 12 Texas, 127; Railway v. Hill, 63 Texas, 381

*Thompson & Thompson,* for appellee.—Where a foreign corporation doing business in Texas has contracted in writing to perform an obligation in any particular county, suit may be brought in such county. Rev. Stats., art. 1198, sec. 5; Railway v. Edloff, 34 S. W. Rep., 410; Mortgage Co. v. Weddington, 2 Texas Civ. App., 373; Railway v. Hill, 63 Texas, 384.

Foreign corporations doing business in Texas may be sued in any county where the cause of action or a part thereof accrued. Rev. Stats., art. 1198, sec. 21b; Ryan v. Railway, 65 Texas, 13; Berry v. Cooper, 28 Ga., 543; Railway v. Edloff, 34 S. W. Rep., 410; 1 Green. Ev., sec. 79.

When a cause of action exists against two foreign corporations jointly doing business and having offices in Texas, suit may be instituted in that county where either has an office and agency.

Foreign corporations doing business in the State may be sued in any county where such company may have an agency or representative.

DENMAN, Associate Justice.—As we understand the statement contained in the certificate in this case, A. W. Hornbeck in November, 1895, delivered to the Missouri Pacific Railway Company, at Pomona, Kansas, a car load of apples, said company executing and delivering to him its bill of lading for the delivery of said apples to him at Dallas, Texas, such bill containing a stipulation limiting the liability of each carrier over whose lines the goods might pass to such damage as might accrue upon its line. Under this bill of lading the apples were shipped by the Missouri Pacific Railway Company from Pomona to Texarkana, Arkansas, and there delivered to the Texas and Pacific Railway Company, which company delivered same to Hornbeck, at Dallas, in a damaged condition, they having been injured upon each line through the negligence of the company operating same. Hornbeck sued both companies in Dallas County, Texas, for the damages to the shipment. The Missouri

Pacific Railway Company is incorporated under the laws of Missouri, and not under the laws of Texas, and does not own or operate any line of road in Texas, and had no principal office or local agent in the County of Dallas, but was doing business in Texas and had two agents in the State, one with headquarters at Austin, Travis County, and the other with headquarters at San Antonio, Bexar County, where each had a regular office. The Missouri Pacific Railway Company pleaded its privilege to be sued in either Travis or Bexar Counties, but we do not understand that it was objected that there was a misjoiner of causes of action or of defendants. Under these circumstances the following question has been certified by the Court of Civil Appeals to this court: "Was the Missouri Pacific Railway Company entitled to the privilege of being sued in Travis or Bexar County; or could it be properly joined with the Texas and Pacific Railway Company in a suit instituted in Dallas County?" As we understand the certificate, the bill of lading executed by the Missouri Pacific Railway Company was a written contract on its part to deliver the apples in Dallas, and a suit for the breach thereof could clearly be brought in that county under article 1194, Revised Statutes, providing that where a person has contracted in writing to perform an obligation in any particular county suit may be brought in such county. The privilege also extended by said statute to the plaintiff of bringing the suit "where the defendant has his domicile" was not in our opinion intended to limit the general language of the first porton of the section, but merely extended the privilege of suing a defendant in the county of his domicile in cases where the defendant was domiciled in Texas. The fact that the bill of lading limited the liability of the Missouri Pacific Railway Company to such injuries as might accrue upon its line could not affect the question of venue provided by the statute in suits for such damages. We therefore answer the first portion of the question certified in the negative. This renders it unnecessary to consider the latter portion of the question as we do not understand that any question of misjoiner of causes of action or defendants is involved in the case. The court doubtless propounded the same under the impression that if it should be held that they were properly joined, then, since the Texas and Pacific was properly sued in Dallas County, the Missouri Pacific Railway Company was also properly sued therein in the same action.