ARTHUR A. STEED, RESPONDENT *v.* GEORGE HARVEY, APPELLANT.

PLACE OF TRIAL OF CAUSE OF ACTION ARISING IN ANOTHER STATE—CONSTITUTIONAL LAW—RIGHTS AND REMEDIES OF NON-RESIDENTS—VOID STATUTE—PLEADING—MEMORANDUM OF CONTRACT—PAROL EVIDENCE TO EXPLAIN.

1. *Place of Trial—Constitution of Utah Provides only for Causes of Action Arising in Utah.*

The provision of Sec. 5, Art. 8 of the Const. of Utah that " All civil and criminal business arising in any county, must be tried in such county, unless a change of venue be taken, in such cases as may be provided by law," applies only to causes of action arising within the jurisdiction of the State of Utah.

2. *Place of Trial of Personal Action Arising in Another State—No Local Statute.*

Where a transitory cause of action arises in another state, the plaintiff has the right, in the absence of a local statute fixing the place of trial, to bring his suit in any county of this

state in which he may find the defendant, and in which the district court might obtain jurisdiction of the defendant by service or by appearance. The fact that one or both of the parties is a non-resident does not change the rule.

3. *Const. U. S.— Rights of Citizens of Other States — Remedies Against.*

Sec. 2, Art. 4, Const. U. S., declaring that "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states," is a general description of the rights guaranteed to the citizens of each state in the several states. While there are certain "privileges and immunities," dependent upon citizenship which are reserved to the citizens of each state, respectively, beyond these the citizens of one state have in other states the same rights and remedies as citizens thereof, and are equally subject to the remedial law when found therein.

4. *Const. U. S.—Equal Protection of Laws to 'All Persons—Remedies of Non-Residents.*

The provision of the 14th Amendment, Const. U. S., declaring that no state shall "deny to any person within its jurisdiction the equal protection of the laws," secures to every person within the jurisdiction of a state, though not a citizen or even a resident, the protection of its laws equally with its own citizens, and entitles him to the same remedies.

5. *Place of Trial—Statute Cannot be both Void and Valid.*

Sec. 3196, C. L. U. 1888 (Rev. Stats. 1898, Sec. 2932) fixing the place of trial of actions not otherwise provided for, was declared unconstitutional and void in the case of *Konold* v. *R. G. W. Ry. Co.*, 16 U. 151; 51 Pac. 256, an action arising in this state. It is equally void as to causes of action arising in another state. One of two or more provisions of the same section not dependent upon each other may be held void and another or the others be held valid, but the same provision cannot be held both void and valid.

6. *Memorandum of Contract—Parol Evidence to Explain.*

The memorandum, "2-12; 1897. This is to certify that I have received this check as part payment of 4,000 wethers more or less, to be delivered at Green River, on or before Feb. 25, and to finish payment for same when delivered, at the rate of

$2.25 per head," on the back of a check endorsed by plaintiff, *held*, not a written contract but a mere memorandum of contract, to explain which parol evidence was properly admitted.

7. *Reply to Counter-Claim not Required Under Sec. 3248 C. L. U. 1888—Defense of Statute of Frauds.*

Under Sec. 3248 C. L. U. 1888, a reply to counter-claim was not required, and plaintiff could rely upon the defense of the statute of frauds without pleading it.

(Decided November 10, 1898.)

Appeal from the District Court Weber County, Hon. H. H. Rolapp, *Judge.*

Action by plaintiff against defendant to recover $3950 damages in consequence of the failure of defendant to deliver certain cattle at Green River, Wyoming, as required by a contract made in the State of Idaho. From a judgment for plaintiff, defendant appeals. Affirmed.

*F. S. Richards, Esq.,* and *J. T. Richards, Esq.,* for appellant.

That the court had no jurisdiction of the matter of the action see: Brown on Jurisdiction, Sec. 39; Wells on Jurisdiction, p. 31; Constitution, Art. 8, Sec. 5; Sec. 3196 Compiled Laws of Utah, 1888, and the laws of 1896.

The only Statute of the Territory or State attempting to control the matter in question was declared void in the case of *Konold* v. *R. G. W. Ry. Co.,* 51 Pac., 258.

The statute of frauds like the statate of limitations must be pleaded before a party can avail himself of the defense. *Lauer* v. *Richmond Co-op.,* 8 Utah 305; *Coffin* v. *McIntosh,* 9 Utah 315.

There was no pleading to the affirmative matter set forth in defendant's answer, the plaintiff relying upon the denial under the statute. Such is only effective as to

18 Utah.—24.

defenses the nature of which the defendant is informed by the pleadings. Under it, fraud, the Statute of Limitations and the Statute of Fraud cannot be shown as to defendants.

*David Evans, Esq.,* and *A. G. Horn, Esq.,* for respondent.

The rule for jurisdiction is this: That nothing shall be intended to be out of the jurisdiction of a superior court but that which specially appears to be so. *Peacock* v. *Bell,* 1 Saund., 74; *Kenny* v. *Greer,* 13 Ills., 432; *Royse* v. *Turnbaugh,* 117 Ind., 539.

The doctrine is well settled that, in favor of a court of general jurisdiction it is presumed that it had jurisdiction of the person of the defendant, though that fact does not appear in the record. *Foot* v. *Stevens,* 17 Wend., 483; *Vorhees* v. *U. S. Bank,* 10 Peters, 447; *Rob* v. *Lessee,* 15 Ohio, 689; *St. Louis* v. *Lanigan,* 97 Mo., 175; *Hempstead* v. *Cargill,* 46 Minn. 141; *Sichler* v. *Look,* 93 Cal., 600.

The presumption extends not only to the parties but to the subject matter. *Galtin* v. *Paige,* 18 Wall., 350. See also *Dennick* v. *R. R.,* 103 U S., 11.

It is clear under the authorities that when a written contract has been made and contemporaneously with it, an oral agreement is made, that a condition is understood, such condition however resting in parol, may be given to prove what the condition was. *Powelton* v. *McShain,* 75 Penn., St., 242; *Gerrish* v. *Washburn,* 9 Pick., 338; *Carr* v. *Dooly,* 119 Mass., 294; *Reynold* v. *Robinson,* 110 N. Y., 654; *Buck* v. *Delaney,* 153 U. S., 228. Woods Prac. Ev., 58, 60, 61, 63, 68, 77; 1st Thompson on Trials, Secs. 1086, 1113, 1118; *Savings Bank* v. *Borman,* 124 Ills., 200.

· It has been held by the California courts that no reply need be made by the plaintiff to the answer of the defendant, unless the defendant sets up a cross complaint in which case a denial of such cross complaint is necessary. *Herald* v. *Smith*, 34 Cal., 122; *Jones* v. *Jones*, 38 Cal., 584; Bliss on Code Pleading, Sec. 353.

The statute of frauds can be relied on as a defense under the general issue. Brown on Frauds, Sec. 508–511; *Boston Duck Co.* v. *Lewey*, 6th Gray, 446; *Harris* v. *Frank*, 81 Cal., 280; *Durant* v. *Rogers*, 71 Ills., 121; Enc. Pldg. & Prac., p. 709, *et seq*.

ZANE, C. J.

The plaintiff commenced this action in the District Court of Weber County, to recover · $3,950 damages in consequence of the failure of the defendant to deliver certain cattle at Green River, in the State of Wyoming, as required by a contract made in the State of Idaho. The defendant appeared by his attorneys and answered the complaint, admitting the contract set up in the complaint, and the breach thereof, and the amount due except $50.00, which he also admitted on the trial.

The defendant insists that the cause of action did not arise in Weber County, and that the trial of the case there was erroneous.

The following provision of section 5, article 8, of the Constitution is referred to: "All civil and criminal business arising in any county, must be tried in such county, unless a change of venue be taken, in such cases as may be provided by law."

This provision applies only to causes of action arising within the jurisdiction of the state of Utah. In what county of Wyoming a cause of action arising in that state

shall be tried cannot be determined by the constitution or laws of Utah. The venue of causes for trial in Wyoming can only be determined by its laws. The contract upon which the plaintiff relies was made in the State of Idaho. The breach for which damages are claimed occurred in Wyoming, and the action for their recovery was commenced in Weber County, Utah, and there the defendant answered, and where he resided is not otherwise shown.

This action is personal, not real, transitory, not local. Plaintiff's right accrued under the laws of Wyoming, and was not suspended or lost when defendant came to Utah. Whether the right and obligation were fixed by the common or statute law is immaterial. When the plaintiff found the defendant in Utah he had the same right to employ the legal remedies its laws afforded that its own citizens had. Any resident of the state of Utah having a just demand against defendant could sue him, when found within its limits. Sec. 2, Art. 4, Const., U. S., declares that "The citizens of each state shall be entitled to all privileges and immunities of citizens of the several states."

This is a general description of the rights guaranteed by the Constitution of the United States to the citizens of each state in the several states, under their laws respectively, without enumerating them. Undoubtedly a citizen of a state may acquire and claim rights under the laws of another state without going into it. He may enter into contracts to be executed in another state, and may acquire and own property, personal and real, situated therein by purchase, bequest, or inheritance; and he may engage in lawful commerce, trade and business therein, and such property is exempt from any higher taxes than are imposed by the state on its own citizens, and he has a right to employ the remedies the laws of such state pro-

vide for the enforcement of his contracts, the redress of wrongs, and the protection of his rights; he is entitled to the same protection of life, liberty, and property the laws of such state extend to its own citizens. The privileges and immunities of a citizen of one state in another state includes these rights with others. There are privileges however which states give only to their own citizens, rights which they will not permit citizens of other states to acquire and possess, such as the elective franchise, the right to sit upon juries, the right to hold public office. These rights they make dependent on citizenship.

If a sovereignty were to entrust the elective franchise to the citizens of another state only in part, it would not rest upon the will of its own citizens; or if a state were to permit its offices to be filled and their functions to be exercised by citizens of other states, its citizens to that extent, would not enjoy the right of self-government. Such rights and privileges are not contemplated by the words "privileges and immunities" used in the constitutional provision above quoted. Undoubtedly this provision of the constitution gives a citizen of a state the right to maintain an action to recover a legal demand or equitable right against a person found in a state of which he is not a citizen. Further, the last clause of Sec. 1, Art. 14 of the same constitution declares that no state shall "Deny to any person within its jurisdiction the equal protection of the laws." This provision forbids the state from denying to any person within its jurisdiction the equal protection of its laws. It secures to any person within its jurisdiction, though he may not be a citizen or even a resident, the protection of its laws equally with its own citizens, and this protection must be construed to mean protection to life, liberty and property, and the term property must

be held to include money due for the violation of a contract.

To refuse the plaintiff, though not a citizen of this state, the right to maintain this action against the defendant found within its limits, would be to deny to him the equal protection of the law.

We are of the opinion that the respective constitutional provisions gave to plaintiff the right to institute and maintain this action. *Ward* v. *Maryland*, 79 U. S. (12 Wall.) 418; *Strauder* v. *West Virginia*, 100 U. S. 303; *Dennick* v. *Railroad Co.*, 103 U. S. 11; Brown on Jurisdiction, Sec. 39.

In *Ward* v. *Maryland, supra,* the court said:

"Attempt will not be made to define the words 'privileges and immunities,' or to specify the rights which they are intended to secure and protect, beyond what may be necessary to the decision of the case before the court. Beyond doubt those words are words of very comprehensive meaning, but it will be sufficient to say that the clause plainly and unmistakably secures and protects the right of a citizen of one state to pass into any other State of the Union for the purpose of engaging in lawful commerce, trade, or business without molestation; to acquire personal property; to take and hold real estate; to maintain actions in the courts of the State; and to be exempt from any higher taxes or excises than are imposed by the State upon its own citizens."

This language is found in *Strauder* v. *West Virginia, supra:*

"The Fourteenth Amendment makes no attempt to enumerate the rights it designed to protect. It speaks in general terms, and those are as comprehensive as possible. Its language is prohibitory; but every prohibition implies the existence of rights and immunities, prominent among

which is an immunity from inequality of legal protection, either for life, liberty or property. Any state action that denies this immunity to a colored man is in conflict with the constitution."

As we have seen the constitutional provision of Utah, quoted, requiring all causes of action to be tried in the county in which they arise has no application to those arising outside of the state, and therefore beyond its jurisdiction. This state can have no power to require causes of action so arising to be tried in the county in which they arise, and to deny the plaintiff the right to maintain his suit for the reason that the cause did not arise in any county of the state would be a violation of the constitution of the United States as we have seen.

It does not satisfactorily appear from the record whether the parties to this action were residents of this State. It does appear, however, that the cause of action arose and accrued in the State of Wyoming, and the question arises in what county should a suit upon such a cause of action be tried.

After certain other sections, naming the place of trial of certain actions not including the class to which this one belongs, section 3196, C. L. U. 1888, declares, "In all other cases the action must be tried in the judicial district in which the defendants, or some of them, reside at the commencement of the action; or if none of the defendants reside in the Territory  *  *  *  the same may be tried in any judicial district the plaintiff may designate in his complaint."

This Court declared both of these provisions unconstitutional and void in the case of *Konold* v. *Rio Grande Wes. R'y*, 51 Pac. Rep. 256.

That was a cause of action arising in this State, and it is urged that it does not follow they are void as to actions

upon causes arising outside of the state. The affirmance of that proposition would require us to hold that the same provision of law may be void as to actions upon causes arising in the state, and valid as to those arising outside— that they may be valid and void at the same time.

One of two or more provisions of the same section not dependent on each other may be held void, and another or the others be held valid; but the same provision cannot be held void and valid.

We find no statute in force designating the place of trial of actions in this state upon causes of action arising outside of it.

This cause being transitory, in the absence of a statute fixing the place of trial, the plaintiff had the right to bring his suit in any county in which he might find the defendant, and in which the district court might obtain jurisdiction of the defendant by service or appearance. The defendant having appeared 'and answered we cannot hold that the court did not have jurisdiction to try the case. *Dennick* v. *Railroad Co., supra;* Brown on Jurisdiction, Secs. 11, 39; 12 Am. & Eng. Ency. of Law, Sec. 201; *McKenna* v. *Fisk,* 1 Howard, 241.

The defendant filed a counter claim in which he alleged plaintiff contracted to deliver him 4,000 wethers at a price named, and a breach thereof by which defendant further alleged he had lost $6,000. On the trial the defendant introduced a check signed and paid by him on the Union Stock Yards National Bank for $1,000, payable to the order of plaintiff and endorsed by him. On its back was endorsed "2-12, 1897. This is to certify that I have received this check as part payment of 4,000 wethers more or less to be delivered at Green River, on or before Feb. 25, and to finish payment for same when delivered, at the rate of $2.25 per head." The plaintiff's name endorsed

on the back of the check it was claimed should be regarded as an execution by him of the above certificate and that it should be held as a written contract between the parties, and therefore could not be varied by oral testimony. While the plaintiff claimed that it was simply a memorandum showing the check was given for sheep purchased in pursuance of a letter of credit for such purchases. Appellant assigns as error the ruling of the court permitting certain questions to elicit evidence of the purpose of the endorsement. This we are of the opinion was not erroneous. Nor do we think the court erred in admitting oral evidence tending to show the writing on the back of the check was simply a memorandum of the payee and did not include the entire contract, and tending to prove it; that there were other conditions and provisions not embraced in the memorandum, and ·that it was not in fact the contract between the parties. 1 Thompson on Trials, 1,118.

The rulings of the court admitting other questions are assigned as error. While some of the questions are open to criticism, the ruling does not amount to reversible error.

The defendant in his answer stated other new matter constituting a counter-claim. He claimed damages for the failure to deliver another flock of sheep according to a verbal contract, which the evidence showed was within the statute of frauds. The defendant urges that the plaintiff could not rely upon the statute of frauds because that defense was not alleged in a reply to the counter-claim.

Sec. 2980 R. S. 1898, requires a reply to new matter in an answer or otherwise amounting to a counter-claim; but the judgment appealed from was rendered before that section took effect and while section 3248 C. L. U. 1888 was in force declaring "The statement of any new matter

in the answer in avoidance or constituting a defense or counter-claim, must on the trial be deemed controverted by the opposite party." *Whitney* v. *Richards*, 53 Pac. Rep 1122; *Sterling* v. *Smith*, 97 Cal. 343; *Water Co.* v. *Rayner*, 57 Cal. 588.

We find no reversible error in the record. The judgment is affirmed, with costs to respondent.

BARTCH, J. and MINER, J., concur.