## 228.  SOUTHERN RAILWAY COMPANY *v.* MONTAG.

A common carrier, in accepting goods for shipment, to a point beyond its own terminus through connecting carriers, may specially contract that each carrier shall be liable only for loss or damage occurring on its portion of the route; but in a suit by the shipper against the initial carrier, under such a contract, a prima facie case is made by showing delivery of goods to that carrier, and the loss thereof.

(a) The fact that the goods have not arrived at destination after the lapse of a reasonable time warrants the inference that they have been lost.

(b) The burden is on the initial carrier of showing that the loss occurred within the exception excusing it from liability—that is beyond its terminus, and that its own negligence did not contribute thereto.

Certiorari, from Fulton superior court—Judge Pendleton. January 29, 1907.

Argued March 26,—Decided April 25, 1907.

*Lamar Rucker,* for plaintiff in error.  *Hirsch & Haas,* contra.

POWELL, J.  It is unnecessary to state the facts; for the plaintiff in error plants his case squarely and solely upon the contention that if a carrier accepts a shipment for delivery beyond its terminus, on an express contract that the responsibility of each carrier shall terminate upon delivery of the goods to the next connecting carrier, the shipper can not make a prima facie case of liability against the initial carrier by showing delivery of the goods to it and non-delivery at destination, though a reasonable time for delivery has elapsed.  Though the point is not free from doubt, we are constrained to take the opposite view.  Under the Civil Code, §2264 (which, however, is merely declaratory of the common law), in case of loss the presumption is against the carrier.  The burden, however, is on the plaintiff to show the loss; but for the purposes of a prima facie case this may be done by showing such circumstances as would create the inference against the defendant that the goods are lost; as, for instance, they were bailed to the carrier a sufficient length of time to be transported to destination and have not arrived there.  3 Hutch. Carr. (3d ed.), §1352; Ga. Pacific Ry. Co. *v.* Hughart, 90 Ala. 39.  Under the common law as declared in the Muschamp case, 8 Meeson & Welsby, 421, and as fully recognized in this State (*Falvey* v. *Georgia R. Co.,* 76 *Ga.* 599), when a common carrier, in the absence of express contract to the contrary, receives goods to be transported beyond the terminus of its own line, it undertakes to transport them to destination, either by itself or competent agents; and if the goods are lost beyond the terminus of its own line, it will be liable therefor.  If the carrier and the shipper desire to vary this rule so that the initial carrier will not be responsible for loss beyond its terminus, by express agreement they may do so.  *Kavanaugh* v. *Southern Ry. Co.,* 120 *Ga.* 66; *Central R. Co.* v. *Avant,* 80 *Ga.* 195; *R. & D. R. Co.* v. *Shomo,* 90 *Ga.* 500. It is the rule of the law, nevertheless, that if the carrier relies upon an exception contained in a special contract to vary its common-law liability, the burden is on it to show that the loss came within the exception, and also that its own negligence did not contribute

thereto.   Civil Code, §2265; *G. S. & F. Ry. Co.* v. *Johnson,* 121 *Ga.* 231 (2); *Cooper* v. *Raleigh & Gaston R. Co.,* 110 *Ga.* 663; *R. & D. R. Co.* v. *Benson,* 86 *Ga.* 209.   Therefore if the initial carrier seeks to vary its common-law liability to account for the goods to destination, by reason of a provision in a special contract whereby its responsibility ends upon delivery to the next carrier, it has the burden of showing that the loss came within the terms of the exception—that is that the loss occurred beyond its own terminus,—and that its own negligence did not contribute to the loss. Under such a contract, the carrier could defeat recovery by proving delivery in good order to the next connecting carrier, but so long as the proof remains silent on this question, the law creates no presumption against any other than the first carrier.   *Cohen* v. *Rome R. Co.,* 45 *Ga.* 293.   The proof has traced the goods into its possession as bailee, and further than that they are unaccounted for— are lost.   If it has properly accounted for them, the means of showing that fact is or should be in its power, and not ordinarily in the power of the shipper.   A casual examination of the authorities outside of this State discloses the following cases maintaining the rule herein announced.   *Ga. Pacific Ry. Co.* v. *Hughart,* 90 Ala. 39; *Holden* v. *New York Central R. Co.,* 54 N. Y. 662; *O. & M. R. Co.* v. *Emrich,* 24 Ill. App. 249; and see *Adams Express Co.* v. *Stettanners,* 61 Ill. 187.                    *Judgment affirmed.*