1314.   BROOKE *v.* NASHVILLE, CHATTANOOGA AND SAINT LOUIS RAILWAY COMPANY.

The plaintiff having failed to prove one of the material allegations of his petition as laid, the court properly awarded a nonsuit.

Action for damages, from city court of Atlanta—Judge Reid. June 1, 1908.

Argued October 30,—Decided November 25, 1908.

*Robert P. Jones,* for plaintiff.

*Tye, Peeples, Bryan & Jordan,* for defendant.

Powell, J.   The plaintiff alleged delivery of a shipment of corn to the defendant railway company, to be transported from Nashville, Tennessee, to a point in South Carolina, on the line of another railroad; it also alleged that the defendant furnished for the shipment a leaky car, by reason of which the corn was damaged. The corn was received from another carrier, at destination, in bad order. The defendant denied the paragraphs of the plaintiff's petition seriatim, and then set up additionally that "at the time it received the shipment from plaintiff, plaintiff made an express contract with this defendant that no carrier engaged in the transportation of said shipment should be liable for loss or damage not occurring on its portion of the route." The plaintiff did not show the original bill of lading, and offered no evidence (except certain testimony of no probative value, as it was hearsay) of the delivery of the shipment to the defendant. His case, so far as the contract of carriage is concerned, rests upon the indirect admission quoted above from the defendant's plea. There was no evidence as to who furnished the car in which the shipment was made. The court granted an order which was in effect a nonsuit. We affirm this judgment. If the plaintiff had shown, or the defendant had admitted, a through contract of carriage, such as is evidenced by the ordinary bill of lading (see *Atlantic Coast Line R. Co.* v. *Hen-*

*derson,* 131 *Ga.* 75 (61 S. E. 1111), the plaintiff might have recovered either ex contractu or ex delicto. The suit would then have been maintainable, both as to local jurisdiction in the city court of Atlanta and as to the general right to recover on the theory that the carrier broke its contract of carriage and also committed a tort growing out of a failure to perform a public duty by not making a delivery in good order at the point of destination, which in the present instance was beyond the limits of the State. *L. & N. R. Co.* v. *Warfield,* 129 *Ga.* 473 (59 S. E. 234) ; *Lyttle* v. *So. Ry. Co.,* 3 *Ga. App.* 219 (59 S. E. 595) ; *So. Ry. Co.* v. *Montag,* 1 *Ga. App.* 649 (57 S. E. 933). The case of *Brooke* v. *L. & N. R. Co.,* 3 *Ga. App.* 492 (62 S. E. 218), instead of being authority to the contrary of this proposition, not only impliedly asserts it, but also expressly declares it in the concluding portion of the second division of the opinion. The defendant's admission in the answer, while it is evidence of the fact that the defendant received the shipment from the plaintiff, is not evidence that it received it for carriage to destination. Those indicia from which an inference of through contract of carriage arises were neither proved nor admitted. The defendant had expressly denied the paragraph of the petition in which the delivery for purpose of transportation to destination was alleged. On account of this lack of proof as to the initial proposition in the plaintiff's case, nonsuit followed as a matter of juridic necessity.                    *Judgment affirmed.*