8586. ADAIR *v.* ATLANTIC COAST LINE RAILROAD CO.

Where there is an interstate shipment of goods and they are damaged in transit, the superior court of the county of the destination of the shipment has jurisdiction of a suit for damages therefor against the initial non-resident carrier.

DECIDED JANUARY 21, 1918.

Attachment; from Jasper superior court—Judge Park. February 21, 1917.

*Frank A. Hooper*, for plaintiff.

*Robert C. & Philip H. Alston, E. H. Barnett*, for defendant.

BLOODWORTH, J. W. L. Adair brought suit by attachment in the superior court of Jasper county against the Atlantic Coast Line Railroad Company, and in his declaration alleged that he delivered to the defendant at Orlando, Florida, certain pianos to be transported over the defendant's railway from that place to Albany, Georgia, and from Albany over the Central of Georgia Railway Company to Monticello, Georgia, and that when the pianos reached their destination at Monticello, Georgia, they had been damaged by the carelessness of the defendant or its connecting line. The Atlantic Coast Line Railway Company filed a demurrer to the petition, the first ground of which was as follows: "This honorable court has no jurisdiction of the cause of action asserted in this case, but the jurisdiction is in the superior court of Dougherty county, Georgia, or in the city court of Albany." The judge presiding sustained this ground of demurrer, and dismissed the petition. We think this was error. In all questions relative to interstate shipment of freight the Federal law controls. In the decision in the case of Atlantic Coast Line Railroad Company *v.* Riverside Mills, 219 U. S. 185, 196 (31 Sup. Ct. 164, 55 L. ed. 167, 31 L. R. A. (N. S.) 7), we find the following: "The indisputable effect of the Carmack amendment is to hold the initial carrier engaged in interstate commerce and receiving property for transportation from a point in one State

to a point in another State' as having contracted for through carriage to the point of destination, using the lines of connecting carriers as its agents." See also G. H. & S. A. Ry. Co. *v.* Wallace, 223 U. S. A. 481 (32 Sup. Ct. 205, 56 L. ed. 516). In the case of *Burns* v. *Louisville & Nashville Railroad Co., 6 Ga. App.* 614 (65 S. E. 582), Judge Russell, speaking for this court, said: "Where a carrier fails to deliver the goods at destination, or delivers them in bad order, section 2334 of the Civil Code [of 1895] confers jurisdiction of an action for the resulting damages on the courts of the county where the failure to deliver occurred (i. e., the county of the destination of the shipment), whether the action be ex contractu or ex delicto. If the action proceed ex delicto, the carrier does not defeat the jurisdiction by showing that, physically considered, the loss or damage did not occur in the county where the delivery in good order should have been made. The failure to deliver at destination in good order is a breach of the contract of carriage, and also a breach of the carrier's public duty (the latter a tort), both theoretically located at the place of performance— the destination. *Brooke* v. *Nashville etc. Ry. Co., 5 Ga. App.* 253 (62 S. E. 1002), distinguishing and affirming *Brooke* v. *L. & N. R. Co., 3 Ga. App.* 492 (60 S. E. 218) ; *L. & N. R. Co. v. Warfield, 129 Ga.* 473 (59 S. E. 234) ; *Lytle* v. *Southern R. Co., 3 Ga. App.* 222 (59 S. E. 595)." See also *L. & N. R. Co.* v. *Burns, 9 Ga. App.* 242 (70 S. E. 1112) ; Park's Ann. Code, § 2798.

From the above it will appear that the superior court of Jasper county had jurisdiction in this case, and the court erred in sustaining the demurrer on the ground that it had no jurisdiction.

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*