CENTRAL OF GEORGIA RAILWAY CO. *v.* TOUCHSTONE & WILBANKS.

ATKINSON, J. The Central of Georgia Railway Company, a corporation chartered under the laws of Georgia, has its principal office in Chatham county. It did not have an agent, office, line of railway, or place of business in Tift county, Georgia, but had a line of railway operating between Alexander City, Alabama, and Albany, Georgia, at which latter point it connected with another common carrier, the Atlantic Coast Line Railroad Company, which operated a railroad between Albany in Dougherty county and Tifton in Tift county. On October 13; 1917, the Central of Georgia Railway Company received, at Alexander City, Ala., a car-load of cattle to be transported to Tifton, Ga. The shipper and carrier entered into a written contract which contained the following clauses: "Received by Central of Georgia Railway Company at Alexander City, Alabama, . . from Smith Wilbanks, the live stock described, consigned and destined as indicated below, which said carrier agrees to carry to said destination, if on its own road, or otherwise to deliver to another carrier on the route to said destination. . . And it is further agreed, that the responsibility either as common carrier, or as warehouseman, of each carrier over whose lines the property shipped hereunder shall be transported shall cease as soon as delivery is made to the next carrier, or consignee; and the liability of the said lines contracted with is several, and not joint. Neither

of the said carriers shall be responsible or liable for any act of negligence of the other carrier over whose lines said property is or is to be transported." The cattle were not shipped with reasonable promptness by the initial carrier and its connecting carrier, and arrived' at Tifton with the loss of some, and the others in a damaged condition. The consignor instituted a suit for damages in Tift county, against the Central of Georgia Railway Company. To the petition, which alleged facts as just set forth, the defendant filed a demurrer on the ground, among others, that the petition showed upon its face that the court in Tift county was without jurisdiction. The demurrer was overruled, and the defendant excepted. *Held:*

1. The Carmack amendment, which fixes a liability on the initial carrier for loss or injury to goods, does not purport to deal with the venue of actions to enforce such liability; and the question of venue, which is determined by State laws, is not affected thereby.

(*a*) Irrespective of whether the present action be construed to be for a breach of the contract of carriage, or one in tort for loss and damage to the shipment, the allegations of the petition do not make a case where the contract was to be performed, or the damage occurred, in Tift county, within the purview of any of our statutes relating to venue in cases against railroad companies, so as to give jurisdiction over the defendant corporation in that county by having a second original issued and served upon it in the county where its home office is located.

(*b*) The case differs from *Adair* v. *Atlantic Coast Line R. Co.*, 21 *Ga. App.* 564 (94 S. E. 840), which was a suit by attachment against a foreign corporation.

(*c*) The ruling announced above being controlling, it is unnecessary to pass upon other questions raised by demurrer.

*Judgment reversed. All the Justices concur.*
No. 980. FEBRUARY 24, 1919.

Action for damages. Before Judge Price. City court of Tifton. May 24, 1918.

*Pottle & Hofmayer,* for plaintiff in error.
*Fulwood & Hargrett,* contra.