12782.  DAVIS, agent, *v.* SEIGEL, administratrix.

Where a carrier fails to deliver goods at destination, section 2798 of the Civil Code (1910) confers jurisdiction of the case for resulting damage on the courts of the county where the failure to deliver occurred,— that is, the county of the destination of the goods,— whether the action be ex contractu or ex delicto. Civil Code (1910), § 2798. The failure to deliver at destination, or to deliver in good order, is a breach of the

contract of carriage and also a breach of the carrier's public duty, the latter being a tort; both theoretically located at the place of performance, the destination of the shipment.

DECIDED APRIL 1, 1922.

Action for damages; from city court of Bainbridge — Judge Spooner. July 23, 1921.

*Pope & Bennet, Hartsfield & Conger,* for plaintiff in error.

*John R. Wilson, H. C. Harrison,* contra.

HILL, J. This suit was brought in the city court of Bainbridge, for the purpose of recovering the value of certain drygoods alleged to have been shipped from Baltimore, Md., to Bainbridge, Ga. The suit was brought against James C. Davis, Federal agent, operating the Merchants & Miners Transportation Company and the Atlantic Coast Line Railroad. The defendant demurred to the petition, contending that it was impossible to tell whether the suit was a suit on contract or a suit for a tort, and whether the suit was against James C. Davis as Federal agent in control of railroads generally and as to all of the transportation lines in the United States, or was against James C. Davis, Federal agent, in respect to the transportation effected by the Merchants & Miners Transportation line of steamers, or whether it was a suit against James C. Davis, Federal agent, in respect to the transportation effected on the Atlantic Coast Line Railroad alone, or whether it was a suit against James C. Davis, Federal agent, in respect to the transportation effected by both the Merchants & Miners Transportation line and the Atlantic Coast Line Railroad. After the filing of the demurrer the petition was amended, and if there was any doubt as to who was the defendant in the petition as originally filed, this doubt is fully solved by the allegations of the petition as amended.

The writer of this opinion does not think that the original petition fully merits the criticisms aimed it by counsel for the defendant. It seems to this writer that the original petition makes it clear against whom the suit was filed and why it was filed. It alleges, in substance, that the plaintiff is the duly qualified administratrix of the estate of Sam Seigel, late of Bainbridge, Ga., who died on February 4th, 1921; that the defendant thereinafter named has damaged petitioner's intestate in the sum of $325 by reason of the facts thereinafter alleged; that on or about August 5, 1919, the Merchants & Miners Transportation Company, a car-

rier engaged in the handling of freight for hire, and with a place of business in the city of Baltimore and State of Maryland, was under the control and operation of the United States of America, as was the Atlantic Coast Line Railroad Company, a common carrier with a line of railroad extending from Savannah, Ga., to Bainbridge, Ga., and that both of said common carriers were then under the direction and control of Walker D. Hines, director-general of railroads, by virtue of an act of Congress which authorized the president to take over said transportation lines during the war and for a certain period thereafter. The petition was amended by striking the name of Walker D. Hines and substituting that of James C. Davis. If there was any obscurity that warranted doubt as to who was the defendant in the suit, the doubt is fully solved by the amendment filed to meet the demurrer. This amendment is in the following language: "1st. (*a*) Plaintiff amends the 6th paragraph by adding thereto the following allegations, to wit: That said two cases of goods were turned over by the Merchants & Miners Transportation Company to the Atlantic Coast Line Railroad at Savannah, Ga., on or about the 15th day of August, 1919, and said Atlantic Coast Line Railroad's agents and employees accepted said shipment at Savannah, Ga., and, after having accepted the same from the Merchants & Miners Transportation Company, did fail to deliver said shipment to Sam Seigel, the consignee, at point of destination, at Bainbridge, Ga., but, on the contrary, either lost or converted said entire shipment, and the same was never delivered to your petitioner's intestate. (*b*) That subsequent to the receipt of said shipment at Savannah, Ga., your petitioner's intestate did pay to the Atlantic Coast Line Railroad, at Bainbridge, Ga., on or about September 2d, 1919, seven dollars freight charges for transporting said shipment." The petitioner amended the 3d paragraph of the petition by alleging the character and quantity of the cases of merchandise shipped, and delivered to the Merchants & Miners Transportation Company and by it delivered to the Atlantic Coast Line Railroad, and that the plaintiff's intestate had paid to the Atlantic Coast Line Railroad, at Bainbridge, Ga., the freight charges on the shipment, aggregating seven dollars, and that, in addition to having paid the freight, petitioner has suffered a loss by reason of interest on the amount involved, aggregating forty dollars or other large sum. The plain-

tiff amended the 7th paragraph of the original petition by striking the word "plaintiff," which appeared on the 6th line of said paragraph, and inserting in lieu thereof the word "defendant," so that said paragraph as amended describes the said James C. Davis as Federal agent of defendant. This amendment was allowed, subject to demurrer. The demurrer was made and overruled, and this is the error alleged.

In the demurrer it was contended that it was impossible for the defendant to make a defense, because it cannot be decided with any degree of certainty whether the suit was brought against Davis as director-general of the Merchants & Miners Transportation Company, at Baltimore, which was then being operated by the United States under the control of said Davis, or against the director-general Davis in charge of the Atlantic Coast Line Railroad, at Bainbridge, and whether the case is a suit on contract or in tort. The petition as amended plainly and distinctly alleges that the goods were shipped from Baltimore and delivered at that point to the Merchants & Miners Transportation Company, which was under the control of Davis as director-general, etc., and transported by the carrier to Savannah, Ga., and there delivered to the Atlantic Coast Line Railroad Company, to be delivered to the consignee at Bainbridge, Ga., and that the shipment was lost by the latter carrier and never delivered to the consignee. It was plainly a suit on contract for failure to deliver at destination in good order the freight which had been delivered to the Atlantic Coast Line Railroad Company by the connecting carrier at Savannah, Ga. In other words, the damages alleged were damages from a breach of contract which took place in the county in which Bainbridge is situated, which was the county of the destination of the consignment and where the carrier undertook by its contract to deliver the goods which had been delivered to it at Savannah by the connecting carrier at that point. It has been repeatedly held that where a carrier fails to deliver the goods at destination, or delivers them in bad order, section 2798 of the Civil Code (1910) confers jurisdiction of the action for the resulting damages on the courts of the county where the failure to deliver them in good order occurred; and it is immaterial whether the action be ex contractu or ex delicto. *Burns* v. *Louisville & Nashville R. Co.*, 6 *Ga. App.* 614 (65 S. E. 582) ; *Louisville & Nashville R. Co.* v. *Warfield*, 129

*Ga.* 473 (59 S. E. 234). It is perfectly clear that the shipment was delivered at Baltimore to the Merchants & Miners ·Transportation Company for the purpose of being transported to Savannah and there delivered to the connecting carrier, to be by that carrier taken to Bainbridge and delivered to the consignee. The suit is one against the last carrier for failure to carry out the contract, and necessarily it was against the director general, who, at that time, as the courts will recognize, was in charge of the Atlantic Coast Line Railroad Company under the legislation of the United States, and for the failure of the Atlantic Coast Line Railroad Company to deliver the shipment to the consignee. If these facts are proved on the trial of the case, to the satisfaction of a jury, it is manifest that the plaintiff would be entitled to a verdict for the value of the shipment. In the opinion of the writer there is no element of doubt in this case so far as the allegations of the petition as amended are concerned, and they do not merit the criticism of the distinguished and learned counsel, nor the severity of the argument in support of the demurrer filed by the defendant. We think that the judge who heard the demurrer was right in his ruling.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*