HANLON, Respondent, *v.* GREAT NORTHERN RAILWAY CO., Appellant.

(No. 6,323.)

(Submitted June 2, 1928. Decided June 30, 1928.)

[268 Pac. 547.]

*Mr. W. L. Clift* and *Mr. R. H. Glover,* for Appellant, submitted a brief; *Mr. Glover* argued the cause orally.

*Messrs. Brown, Wiggenhorn & Davis,* for Appellant, submitted a brief; *Mr. Horace S. Davis* argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action for recovery of damages. The sole issue before this court is as to where is the proper place for the trial of the action. The action was brought in the district court of Yellowstone County, the county in which plaintiff resided and in which defendant was found and served, service of summons being made by delivery there of copy to an official and agent.

In his complaint, plaintiff alleges, in substance, that defendant is and was a railroad corporation, organized under the laws of Minnesota and doing business as a common carrier of livestock for hire between its stations of Kevin, Sweetgrass and Pendroy, in Montana, and South St. Paul, Minnesota, at which latter place, it is alleged, the lines of defendant connect with those of other railways and therewith form a through route to the Union Stock Yards, at Chicago, Illinois; that, at about the same time, plaintiff caused to be delivered to defendant, at each of the Montana stations above mentioned, three carloads of sheep (nine carloads in all) the property of plaintiff, to be transported to the Union Stock Yards, at Chicago, and defendant accepted the same for such purpose and, for a valuable consideration, thereafter to be paid, executed and delivered to plaintiff three several shipping contracts covering the transportation of each of such several lots of

sheep, which contracts provided for the transportation of such sheep, from the stations where delivered, to the Union Stock Yards, at Chicago; that it was the duty of defendant, promptly, properly, safely and within a reasonable time, to transport such sheep to the Union Stock Yards, at Chicago, and there deliver them to plaintiff or his agents, in accordance with its shipping contracts; that the sheep were in first-class condition when delivered to defendant; that all of the sheep were transported by defendant to Havre, Montana, where they were unloaded, fed and watered, and then, reloaded and from there were transported to Chicago. Plaintiff alleges then that the sheep were transported in long, overloaded freight trains, slow of motion, and alleges a lot of delays at various points in North Dakota, Minnesota and Illinois; alleges various acts of mismanagement, carelessness and negligence by defendant, by reason of which the sheep, it is alleged, were mistreated and were bruised, injured, worried, fretted and gaunted, because of which they lost weight and depreciated in market condition and market value and were not transported promptly or properly, all to plaintiff's damage. General and special damages are pleaded and asked.

In due time, defendant appeared and, by counsel, demurred to the complaint. At the same time, its counsel filed written demand for removal of the action, for trial, to Hill County, upon the ground that the action is for breach of certain contracts, which contracts were to be performed in part in Hill County and no portion thereof, in Yellowstone County. At the same time, counsel filed, also, a motion for change of place of trial to Hill County, the motion being made upon the same ground and being based on the files of the cause and an accompanying affidavit of merits. Notice of the motion was given. R. H. Glover, one of defendant's counsel, made the affidavit of merits, deposing that defendant has a good and substantial defense on merit and deposing to a lot of facts relating to the action. From all thereof it appears that no part of the shipment of the sheep was made through Yel-

lowstone County but that the transportation of the sheep took them through Hill County, in which is situate Havre.

Plaintiff, opposing the motion for change of place of trial, made and filed a counter-affidavit, in which it is deposed, *inter alia*, that he is a resident of Yellowstone County and service on defendant was had in that county; that the action is not an action *ex contractu* but is one in tort for breach of duty by defendant as a common carrier and the acts constituting the torts of defendant were committed without the State of Montana.

The motion for change of place of trial was denied. Defendant appealed from the order of denial and assigns as error the ruling of the court in the making of the order.

Upon appeal, counsel for defendant argue that the action is one *ex contractu* and that the contracts involved, those for the transportation of the sheep, were to be performed in part and were performed in part in Hill County; that is, that the sheep were transported across Hill County but that no part of the transportation required and done occurred in Yellowstone County; that, therefore, Hill County is a proper place for the trial of the action, while Yellowstone County is not. Counsel for plaintiff argue that the action is not based upon contract but sounds in tort for defendant's breach of its duty as a common carrier and that the derelictions constituting tort occurred outside of the State of Montana but that, if the action be construed to be one *ex contractu*, the contracts involved were to be performed at Chicago and the breach of contract occurred at that place and outside of the State of Montana; that, therefore, defendant being a nonresident of Montana and plaintiff residing in Yellowstone County and defendant having been served there, that county is a proper place for the trial of the action.

It is not necessary for us to decide if the action is one *ex contractu* or *ex delicto*. It is not material to the sole issue before us, i. e., the proper place for the trial of the action. Be it an action of one kind or the other, it is plain to us that

the cause of action arose and accrued outside of Montana and at Chicago.

If it may be held to be an action upon contract, the contracts were to be performed at Chicago, by delivery of the sheep, promptly, properly, safely and within a reasonable time, at that place, to plaintiff or his agents, "in accordance with said shipping contracts," as alleged, and the breach of the contracts consisted of the failure of defendant so to do. It was there the contracts were to be completed and it is manifest a contract is not performed until it is completed, i. e., completely performed. In his standard work on Contracts, Mr. Parsons says performance of a contract requires "whatsoever is necessary to be done for the *full* discharge of this duty." (2 Parsons on Contracts, 9th ed., 788.)

If, on the other hand, it may be held the action is one *ex delicto,* any torts committed by defendant were committed outside of Montana, consisting of acts of carelessness or negligence, breach of duty as a common carrier, *en route,* outside of Montana, and finally culminated at Chicago in delivery of the sheep in depreciated, abused and damaged condition and after unreasonable delay. We see in the complaint no allegation of any harmful wrong done in Hill County.

Whether upon the theory of contract or tort, these views find ample support in *Friedman* v. *Seaboard Air Line Ry. Co.,* 124 Ga. 472, 52 S. E. 763; *Southern Ry. Co.* v. *Montag,* 1 Ga. App. 649, 57 S. E. 933; *Askew & Co.* v. *Southern Ry. Co.,* 1 Ga. App. 79, 58 S. E. 242; *Lytle* v. *Southern Ry. Co.,* 3 Ga. App. 219, 59 S. E. 595; *Burns* v. *L. & N. Ry. Co.,* 6 Ga. App. 614, 65 S. E. 582; *Davis* v. *Seigel,* 28 Ga. App. 418, 111 S. E. 439; *Texas & Pac. Ry. Co.* v. *Hornbeck,* 90 Tex. 499, 39 S. W. 564; *Steed* v. *Harvey,* 18 Utah, 367, 72 Am. St. Rep. 789, 54 Pac. 1011; *Chicago, R. I. & Pac. Ry. Co.* v. *King,* 104 Ark. 215, 148 S. W. 1035; *Lewellyn* v. *Pere Marquette R. Co.,* 185 Ill. App. 171. Counsel for defendant have cited nothing to the contrary.

Upon the theory of counsel for defendant that this action is one upon contract, we do not find in the decisions of this court any case strictly analogous in all points involved but *Stiemke* v. *Jankovich*, 72 Mont. 363, 233 Pac. 904, is a case involving place of performance of a contract and in that case, as in this case, the performance was to be a matter of delivery; there, the delivery of a piano; here, the delivery of sheep. In that case, this court held that delivery of the piano at the City of Billings, according to an implied contract, was the only way in which the contract could be performed and that, therefore, performance was to be in Yellowstone County, in which is situate Billings. That is in accordance with the conclusion we have announced herein, i. e., that, if this action be one upon contract, the place of performance, by express contract, was Chicago, where the sheep were to be delivered.

Whether this action be one *ex contractu* or *ex delicto*, we have then a case wherein the cause of action arose and accrued outside the State of Montana and the defendant, a non-resident of the State. It is not denied that the defendant may be sued in this state; the only question being in what county. Section 9096, Revised Codes, 1921, provides that "actions upon contracts may [construed in *State ex rel. Interstate Lumber Co.* v. *District Court*, 54 Mont. 602, 172 Pac. 1039, to mean *must*] be tried in the county in which the contract was to be performed and actions for torts in the county where the tort was committed," subject to power of change of place of trial. Counsel for defendant, claiming this action is one upon contract, advance the contention that the contracts were to be performed "in part" in Hill County but the statute says nothing about part performance and we have held that performance was to be made without the state; also, that if tort was committed it was done outside the state. We find further in section 9096, *supra*, that, except for certain restrictions, none of which exist in this case, an action "shall be tried in the county in which the defendants or any

of them may reside at the commencement of the action or where the plaintiff resides and the defendants or any of them may be found * * * ." As the defendant in this case is a foreign corporation, it does not reside in any county of the state (*Pue* v. *Northern Pac. Ry. Co.*, 78 Mont. 40, 252 Pac. 313) and that portion of the foregoing excerpt which provides for suing a defendant in the county of the defendant's residence does not apply. Then, plaintiff had the right to sue in the county of his residence, if defendant could be found there. Defendant was found and served there and plaintiff was within his rights in suing defendant in the county of plaintiff's residence. This conclusion finds support in *Pue* v. *Northern Pac. Ry. Co.*, supra.

We hold that the district court did not commit error in denying defendant's motion for change of place of trial and the order appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.