OTT, Chief Judge.
In this interlocutory appeal, appellants contend that the trial court erred in denying their motion to dismiss on the ground of improper venue. We agree and reverse.
Appellee filed a complaint against appellants in Polk County Circuit Court alleging that appellants were responsible for the loss and destruction of her personal property during a move from Lakeland, Florida to Charleston, West Virginia. Appellants moved to dismiss the case for improper venue, asserting that appellant Eddie Grimes was a resident of Pinellas County, that appellant Fogarty Van Lines, Inc., maintained its offices in Hillsborough County, that the cause of action, if any, accrued in Charleston, West Virginia, and that, therefore, venue was improper in Polk County. In an order entered March 30, 1983, the trial court denied appellants’ motion to dismiss for improper venue, granted appellants’ motion to dismiss for failure to state a cause of action, and allowed appel-lee twenty days to amend her complaint. In her amended complaint, appellee added a count based on 49 U.S.C. 11707, a federal statute governing the liability of a common carrier under receipts and bills of lading where a loss or injury to property occurs on its line or route.
Appellee tacitly admits that venue in Polk County was improper under the original complaint, arguing instead that the point on appeal is moot because the original complaint was dismissed and an amended complaint has been filed. While the point on appeal may be technically moot, we will review it nonetheless, as a judgment that this court might enter would affect the rights of the parties as they stand at the time the case is reviewed. See Dehoff v. Imeson, 153 Fla. 553, 15 So.2d 258 (Fla. 1943). Moreover, a decision on the propriety of venue in Polk County under the amended complaint at this time will hasten speedy disposition of this litigation by removing the possibility of another interlocutory appeal on the question of venue.
49 U.S.C. 11707(d)(1) provides:
(d)(1) A civil action under this section may be brought against a delivering carrier (other than a rail carrier) in a district court of the United States or in a State court. Trial, if the action is brought in a district court of the United States is in a judicial district, and if in a State court, is in a State, through which the defendant carrier operates a railroad or route.
Assuming arguendo that the point on appeal would be reviewed, appellee contends that the count based on 49 U.S.C. 11707 places venue over the entire controversy in Polk County. In particular, she relies on the fact that appellant Fogarty Van Lines operates a route in Polk County. Although we agree with appellee’s contention that this lawsuit may be brought in any county wherein venue for one of the causes of action is properly laid, section 47.041, Florida Statutes (1981), we disagree with her conclusion that the federal count places venue in Polk County.
We construe 49 U.S.C. 11707(d)(1) to place jurisdiction over a matter brought pursuant to this statute in either federal court or state court at the election of the plaintiff. However, an election to pursue the claim in state court does not obviate the need for compliance with the state’s venue statutes. Indeed, as noted in Central of Georgia Ry. v. Touchstone & Wilbanks, 148 Ga. 861, 98 S.E. 485, 486 (1919), when construing 49 U.S.C. 20(11) (the predecessor statute to 49 U.S.C. 11707), the statute “does not purport to deal with the venue of actions to enforce such liability; and the question of venue, which is determined by state laws, is not affected thereby.”
A review of the complaint and amended complaint reveals that venue is properly laid in either Pinellas County under section 47.021, Florida Statutes (1981) (because appellant Grimes resides in Pinellas County), or Hillsborough County under section 47.051, Florida Statutes (1981) (be *1072 cause appellant Fogarty Van Lines maintains its offices in Hillsborough County). Accordingly, we reverse the trial court’s order denying appellants’ motion to dismiss for improper venue and remand with instructions for the trial court to transfer the action to a proper county in accordance with Florida Rule of Civil Procedure 1.060(b).
REVERSED and REMANDED.
RYDER and LEHAN, JJ., concur.