## Galbraith *v*. Rutter, Appellant.

*Equity—Jurisdiction—Remedy at law—Wages—Assignment of claim against wage earner—Nonresident.*

A wage earner has no standing to maintain a bill in equity for an injunction to restrain his employer from appropriating his wages to pay a claim against him which had been assigned to a nonresident for the purpose of attaching the wages in a foreign jurisdiction. In such a case the wage earner's remedy is by an action at law in Pennsylvania against his employer for the wages. The wage earner, however, is entitled to an injunction to restrain his creditor who had assigned the claim to a nonresident, from further prosecuting the litigation in the foreign jurisdiction. His remedy under the Act of May 23, 1887, P. L. 164, is not exclusive of the remedy in equity.

Argued March 13, 1902. Appeal, No. 280, Oct. T., 1901, by defendant, from decree of C. P. Blair Co., Equity Docket B., No. 372, on bill in equity in case of Orlando C. Galbraith v. Rush M. Rutter, defendant, and his assignee, W. W. Rogers's Business Protective, Collection and Detective Agency and the Pennsylvania Railroad Company, Garnishee. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed in part.

Bill in equity for an injunction.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*D. J. Neff*, of *Neff, Riley & Hicks*, for appellant.—The domestic court will not interfere where the parties seeking the injunction can obtain full and adequate relief in the court in which the action is brought. It is not a sufficient ground for the issuance of an injunction, that the complainant prefers to have the matter adjudicated by his own tribunals, or that the decision of the court in which the action is brought may differ from that of the court of the domestic state. Plaintiff has a complete and adequate remedy at law: Act of May 23, 1887, P. L. 164.

*William S. Hammond* and *Thomas H. Greevy*, with them *H. A. Davis* and *Clyde E. Brown*, for appellee.

OPINION BY WILLIAM W. PORTER, J., July 10, 1902:

Galbraith was indebted to Rutter in a small amount for groceries. Both lived in Altoona, Pennsylvania. The former was employed as a painter by the Pennsylvania Railroad Company. Rutter assigned his claim to one, Rogers, living in West Virginia and there conducting a collection and detective agency. Rogers brought proceedings in West Virginia, summoning Galbraith as defendant and the Pennsylvania Railroad Company as garnishees. No process was served on Galbraith, but judgment was entered against him. The railroad company challenged the validity of the service upon them, but judgment seems to have been entered by the justice of the peace against them as garnishees for the amount of wages alleged to be due. Galbraith was given notice by the railroad company that his wages would be withheld because of the attachment in West Virginia. Thereupon, he filed this bill in equity making the railroad company, Rutter and Rogers defendants. The last named was not served. The proceedings resulted in a decree, after hearing, enjoining Rutter from proceeding further in the collection of his claim in West Virginia and the railroad company from paying to Rogers the wages attached, the ground for the decree

apparently being that the proceedings in West Virginia would result in depriving Galbraith of the benefit of the legislation of this commonwealth exempting wages from seizure for debt. Two appeals have been taken from the decree of the court below, one by the Pennsylvania Railroad Company entitled as of October term, 1901, No. 280; and one by Rutter, entitled as of October term, 1901, No. 284. The first to be considered is

### THE APPEAL OF THE PENNSYLVANIA RAILROAD COMPANY.

The plaintiff has proceeded in equity. He has an adequate remedy at law against the railroad company for his wages in Pennsylvania. If, in such action, it should appear that the moneys had been paid voluntarily, improperly or unlawfully, the plaintiff's right of recovery would not be defeated. So also if the railroad company should pay under a judgment against them as garnishees recovered in West Virginia, the judgment would afford no protection against the claim of their creditor in Pennsylvania, if it could be shown that the court entering the foreign judgment was, for any sound reason, without jurisdiction. See the discussion of this subject generally in Drake on Attachment (7th ed.), chap. 38. There seems to be no equitable ground upon which to sustain the decree made by the court below in respect to the defendant taking this appeal.

### THE APPEAL OF RUSH M. RUTTER.

Rutter is restrained by the decree of the court below from proceeding to collect his claim in the court of West Virginia. Jurisdiction in equity to restrain a defendant from improperly proceeding at common law, is sustainable,—the decree operating in personam. There can be no doubt that if Rutter (being unable to collect his claim from Galbraith in Pennsylvania by attachment of wages) had gone in person into a West Virginia court, and had there, in his own name, brought the proceedings which are now complained of, the courts of Pennsylvania might compel him to desist, as a citizen of Pennsylvania, from violating or evading the law of his own state : Sweeny v. Hunter, 145 Pa. 372. See also Kendall v. McClure Coke Co., 182 Pa. 1. Rutter was in person within the jurisdiction of the court below, and it would be necessary to inquire as to his acts with some care did we contemplate complying with the request of the ap-

pellee that the restraining injunction in the court below be now extended to a mandatory injunction compelling discontinuance of the West Virginia proceeding. But Rutter is apparently not the actor of record in that proceeding. He made an assignment of his claim to Rogers, by which Rogers was to receive fifty per cent of any amount collected and Rutter the remaining fifty per cent. Rogers appears to be the party plaintiff in West Virginia. There is no conclusive proof or definite finding by the court below, that Rutter, when making the assignment, knew that the claim was to be taken to West Virginia, and the assignment used in evading the laws of Pennsylvania. He did know that the assignee of the claim had a collection agency in West Virginia, and wanted only claims against persons employed by the Pennsylvania railroad. He did know that the assignee had some method of collecting "worthless accounts," of which Rutter was ignorant. He did know that the Galbraith claim was such an account. He was chargeable with knowledge of the existence of an act of assembly which made an assignment of a debt for the purpose for which this has been used, an unlawful act in Pennsylvania. He has a one-half interest in the result of the West Virginia litigation. It may be that he is unable to compel Rogers to discontinue. But the decree of the court below does not go so far as to require him to do this. It simply forbids Rutter to proceed with the West Virginia litigation. With knowledge of the use made of the claim by the assignee before and after bill filed, and with no disclaimer of intention to retire from participation in the fruits of the West Virginia litigation, Rutter has no right to complain of a decree which directs him to go no further.

It is urged, however, that Galbraith has no standing against Rutter in equity because possessed of an adequate remedy at law under the provisions of the Act of May 23, 1887, P. L. 164. The purpose of this act as expressed in its title is, " To secure to laborers within this commonwealth the benefit of the exemption laws of this commonwealth and to prevent assignment of claims, for the purpose of securing their collection against laborers outside of this commonwealth." It declares it unlawful for any person, being a citizen of this commonwealth, to assign or transfer any claim for debt against a resident of this commonwealth for the purpose of having the same collected by

proceedings in attachment in courts outside of this common-wealth, or to send out of the commonwealth by assignment, transfer or other manner, whatsoever, either for or without value, any claim for debt against any resident thereof, for the purpose, or with the intent to deprive such person of the right to have his personal earnings or property exempt from appli-cation to the payment of his debts, according to the laws of the commonwealth where the creditor and debtor and the person or corporation, owing the money intended to be reached by such proceedings, are within the jurisdiction of the courts of this commonwealth. The act provides that the person assigning or transferring such claim for the purpose, or with the intent aforesaid, shall be liable in an action of debt to the person from whom any such claim shall have been collected by attachment, or otherwise, outside of the courts of his commonwealth, for the full amount of debt, interest and costs so collected. The act further provides that the defendant in such action shall not be entitled to the benefit of the exemption laws of this com-monwealth upon execution upon a judgment so recovered. The dominating purpose of this legislation (which has been held to be constitutional, Sweeny v. Hunter, supra) is to prevent evasions of the act of 1845 declaring that wages of any laborer shall not be liable to attachment in the hands of the employer: Steel v. McKerrihan, 172 Pa. 283. It is argued that the remedy furnished by the act of 1887 is exclusive of all other proceed-ings which theretofore might have been brought by a debtor against a creditor for conduct covered by the act. It is true, and it is conceded, that in the absence of the act, the right to proceed in equity in personam, would obtain, but it is asserted that the existence of the act denudes the plaintiff of his right to equitable procedure. The effect of the act is to create ·a right to an action at law in the case of payment actually made in judicial proceedings in a foreign jurisdiction. It does not express intention to destroy the equity jurisdiction in Pennsyl-vania by which restraint may intervene before payment. There-fore, this legislation does not furnish an exclusive procedure preventing the filing of a bill to enjoin conduct stamped by leg-islation as unlawful, and which has not reached consummation in actual payment. The passage of the act itself and the con-struction put upon it in Sweeny v. Hunter, supra, render the

cases of Bolton v. Pennsylvania Co., 88 Pa. 261, and Morgan
v. Neville, 74 Pa. 52, inapplicable in this connection.

The decree as to the Pennsylvania Railroad Company defend-
ant is reversed and the bill dismissed. The decree as to the
defendant Rutter is affirmed. This proceeding, having been
brought by reason of the acts of Rutter (which have given birth
to the litigation, the purpose of which is if possible to evade
the provisions of the law of this state) the decree enjoining
him is affirmed; the decree imposing all of the costs of the
cause upon him is affirmed, and he is directed also to pay the
costs of this appeal.