## Prazich v. Alwine et al.

*Llewellyn E. Lloyd,* for plaintiff.
*Reginald Parsons,* for defendant Alwine.

GRIFFITH, J., January 15, 1944.—This is a bill for an injunction brought by Milos Prazich, otherwise Michael Prazich, against Byron Alwine and Industrial Collieries Corporation.

The bill avers that plaintiff is a resident of Cambria County, Pa.; the residence of defendant Byron Alwine is unknown (the testimony contains an admission that this defendant's residence is Upper Yoder Township, Cambria County, Pa.) ; the Industrial Collieries Corpo-

ration, the other defendant, is a foreign corporation doing business in Pennsylvania, with principal offices in the City of Johnstown, Cambria County, and also does business in the State of West Virginia; plaintiff is and has been for several years employed as a coal miner in the mines of the Industrial Collieries Corporation, located at Rosedale, Cambria County, Pa.; plaintiff is indebted to defendant Byron Alwine, and a judgment on said debt was entered in the office of the Prothonotary of Cambria County on June 7, 1943, to no. 3, September term, 1943, in the sum of $157.50; the said Byron Alwine caused an exemplified copy of the record of said judgment to be filed in Marion County, W. Va., and issued attachment proceedings on said judgment against plaintiff, who has never been a resident of the State of West Virginia, and Industrial Collieries Corporation, the other defendant, has also been served as garnishee in said attachment proceedings in the State of West Virginia; that the sole purpose of the transfer of the judgment from Cambria County, Pa., to Marion County, W. Va., was to evade the laws of the Commonwealth of Pennsylvania exempting wages from attachment for debt; that unless an injunction is granted plaintiff's wages will be withheld by Industrial Collieries Corporation; Industrial Collieries Corporation is now required to file an answer to interrogatories served upon it in Marion County, W. Va., and in said answer will admit an indebtedness between it and plaintiff; plaintiff has no adequate remedy at law for the injuries aforesaid which will be suffered unless an injunction is issued restraining the two defendants from further proceedings in the State of West Virginia.

Plaintiff asked for the following relief: (1) An injunction against both defendants requiring them to appear and make answer; (2) a preliminary, and later a perpetual, injunction restraining Byron Alwine from further proceeding with the attachment action in the State of West Virginia; and (3) a preliminary, and

then permanent, injunction restraining Industrial Collieries Corporation from filing answers to interrogatories in the attachment proceedings in West Virginia.

Defendant Byron Alwine filed an answer admitting the averments of fact set forth in the bill, but denying that the sole purpose of the transfer of the judgment from Cambria County, Pa., to Marion County, W. Va., was to evade the Pennsylvania laws relating to the exemption of wages, and averring that the Industrial Collieries Corporation, served under the garnishee laws of the State of West Virginia, is the same corporation which operates in Cambria County, Pa. This defendant further avers that the matter of payroll records and separation of payroll records and disbursements is a matter of the internal affairs of the garnishee, and that the validity of the garnishment in wage attachment can be decided solely by the courts of West Virginia, as no service was made within the Commonwealth of Pennsylvania. The answer denies that the courts of Pennsylvania have any jurisdiction over proceedings brought entirely within the State of West Virginia and avers that the Pennsylvania courts may not issue an injunction to restrain legal processes issued and served within the State of West Virginia. Defendant Byron Alwine further denies that plaintiff has no adequate remedy at law.

The other defendant, Industrial Collieries Corporation, filed no answer.

Upon the filing of the bill, accompanied by injunction affidavits and bond, a preliminary injunction was awarded and testimony thereon taken. During the taking of such testimony it was stipulated by counsel for plaintiff and counsel for defendant Byron Alwine that "the testimony taken on this hearing shall be considered as taken on final hearing of the bill of equity, and said testimony shall govern the final disposition of the matter by this court". The testimony consisted solely of the offer in evidence of the various paragraphs of the bill and answer, with the exception of the fact that it

was admitted of record that the permanent residence of defendant Byron Alwine is R. D. 5, Benscreek, Upper Yoder Township, Johnstown, Pa.

From the testimony taken, the court makes the following

### Findings of fact

1. Plaintiff, Milos Prazich, resides at R. D. 3, Upper Yoder Township, Cambria County, Pa., is a citizen of Pennsylvania, and has never been a resident of the State of West Virginia.

2. Defendant Byron Alwine is a resident of R. D. 5, Somerset Pike, Upper Yoder Township, Cambria County, Pa.

3. Industrial Collieries Corporation is a foreign corporation doing business in the County of Cambria, with its principal office in the City of Johnstown and State of Pennsylvania, and it is also doing business in the County of Marion and State of West Virginia.

4. Plaintiff, Milos Prazich, is and has been employed as a miner and loader of coal by Industrial Collieries Corporation at Johnstown, Pa., and by reason of his employment has and will in the future have wages due him by said corporation, all earned by him within the Commonwealth of Pennsylvania.

5. Plaintiff, a citizen of the Commonwealth of Pennsylvania, is indebted to Byron Alwine on a judgment entered to no. 3, September term, 1943, in the office of the Prothonotary of Cambria County, Pa., said judgment being in the principal sum of $157.50, with interest from 1931, said debt having been incurred while plaintiff and defendant were residents of Cambria County, Pa.

6. Defendant Byron Alwine has caused the above judgment to be sent out of this Commonwealth and transferred and entered in the County of Marion and State of West Virginia, and has caused an attachment proceeding to be brought upon said judgment summoning Industrial Collieries Corporation in West Virginia, as garnishee, in an attempt to attach any wages

due or to become due plaintiff, Milos Prazich, by reason of the latter's employment in Cambria County, Pa.

7. The said attachment proceedings, if not restrained, will result in an attachment of plaintiff's wages earned and to be earned in the State of Pennsylvania.

## Discussion

Section 5 of the Act of April 15, 1845, P. L. 459, 42 PS §886, provides as follows:

"Provided, however, That the wages of any laborers, or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer."

The Act of May 23, 1887, P. L. 164, 12 PS §2175, provides as follows:

"That, from and after the passage of this act, it shall be unlawful for any person or persons, being a citizen or citizens of this Commonwealth, to assign or transfer any claim for debt against a resident of this Commonwealth for the purpose of having the same collected by proceedings in attachment in courts outside of this Commonwealth, or to send out of this Commonwealth by assignment, transfer or other manner whatsoever, either for or without value, any claim for debt against any resident thereof, for the purpose or with the intent to deprive such persons of the right to have his personal earnings or property exempt from application to the payment of his debts according to the laws of this Commonwealth, where the creditor and debtor and the person or corporation owing the money intended to be reached by such proceedings are within the jurisdiction of the courts of this Commonwealth; and the person or persons assigning or transferring any such claim, for the purpose or with the intent aforesaid, shall be liable in an action of debt to the person or persons from whom any such claim shall have been collected by attachment or otherwise outside of the courts of this Commonwealth for the full amount of debt, in-

terest and costs so collected, and the defendant or defendants therein shall not be entitled to the benefit of the exemption laws of this Commonwealth upon any execution process issued upon any judgment recovered in any such action."

The Act of June 7, 1915, P. L. 866, 12 PS §2176, which is a supplement to the Act of 1887 above quoted, provides in part as follows:

". . . the assignment or transfer of any claim against the plaintiff, and the commencement of prosecution, in a court outside of this Commonwealth, of proceedings in attachment or garnishment thereon, which might, could, or do deprive the plaintiff of the benefit of the right to have his personal earnings or property exempt from application to the payment of his debts according to the laws of this Commonwealth, shall be prima facie evidence of an intention and purpose to violate the provisions of the said act to which this act is a supplement."

It is obvious that the Act of 1887 was passed to prevent evasions of section 5 of the Act of 1845. It has been the settled policy of this Commonwealth to prevent the attachment of wages for debt. The question before us is whether defendant Byron Alwine may use the courts of West Virginia to accomplish what is prohibited by the settled law of the Commonwealth of Pennsylvania.

Defendant Byron Alwine contends that plaintiff has an adequate remedy at law. So far as the Industrial Collieries Corporation, the garnishee, is concerned, this matter has been ruled in favor of defendant by the case of Galbraith v. Rutter, 20 Pa. Superior Ct. 554, 556, where the court said:

"He [the plaintiff] has an adequate remedy at law against the railroad company [the garnishee] for his wages in Pennsylvania. If, in such action, it should appear that the moneys had been paid voluntarily, improperly or unlawfully, the plaintiff's right of recovery would not be defeated."

So far as defendant Alwine is concerned, however, the same case is authority against defendant's contention. In referring to the Act of 1887, the court there said (p. 558) :

"The effect of the act is to create a right to an action at law in the case of payment actually made in judicial proceedings in a foreign jurisdiction. It does not express intention to destroy the equity jurisdiction in Pennsylvania by which restraint may intervene before payment. Therefore, this legislation does not furnish an exclusive procedure preventing the filing of a bill to enjoin conduct stamped by legislation as unlawful, and which has not reached consummation in actual payment."

In that case Galbraith was employed by the Pennsylvania Railroad Company in Altoona and was indebted to Rutter for groceries. Rutter assigned his claim to a resident of West Virginia who conducted a collection agency there. Rutter brought proceedings in West Virginia against Galbraith as defendant and the Pennsylvania Railroad Company as garnishee. The lower court entered a decree enjoining Rutter from proceeding further in the collection of his claim in West Virginia, and the railroad company from paying the wages attached. The Superior Court reversed the decree insofar as the garnishee, Pennsylvania Railroad Company, was concerned, and dismissed the bill as to it, but affirmed the injunction as to defendant Rutter.

In holding the Act of 1887 constitutional, the Supreme Court, in Sweeny v. Hunter, 145 Pa. 363, 372, said:

"If the defendant, Hunter, for the purpose of evading the exemption law of his own state, had gone in person into a West Virginia court, and there, in his own name, commenced proceedings by attachment, for the purpose of thus enforcing payment of his claim (which he could not have done here), the plaintiff, independently of the act of 1887, would have had a remedy in equity to restrain him from prosecuting such

attachment against the wages of the defendant in the hands of his employer. That remedy would have been in the courts of this state by injunction against the attaching creditor, not by an order directed to the West Virginia court. This principle appears to be recognized in Cole v. Cunningham, 133 U. S. 107 . . . It is there held that in proper cases (such, we think, as that under consideration), the constitution of the United States permits the equity courts of one state to control persons within their jurisdiction from prosecuting suits in another state, and that the exercise of that power is no violation of the constitutional provision which requires that full faith and credit be given in each state to the judicial proceedings of every other state."

Defendant's contention that an injunction against Byron Alwine would be an interference with the courts of the State of West Virginia requires, we believe, little comment. The prayer of the bill nowhere requests this court to make any order restraining any action on the part of the courts or the officers of the courts of the State of West Virginia. Defendant Byron Alwine is a resident of this county and, moreover, submitted himself to the jurisdiction of this court by appearing as a plaintiff and entering a judgment against plaintiff in this bill to no. 3, September term, 1943. This court has jurisdiction over plaintiff and both defendants. The injunction requested is a personal injunction directed against defendants. In our opinion there is, therefore, no lack of authority on the part of this court to award the injunction as prayed for. In the case of Sweeny v. Hunter, supra, the court, quoting from Story, said (p. 373) :

" 'But, although the courts of one country have no authority to stay proceedings in the courts of another, they have an undoubted authority to control all persons within their own territorial limits. When, therefore, both parties to a suit in a foreign country are resident within the territorial limits of another country, the

courts of equity of the latter may act in personam upon those parties, and direct them by injunction to proceed no further in such suit. In such a case, these courts act upon the acknowledged principles of public law in regard to jurisdiction. They do not pretend to direct or control the foreign court, but, without regard to the situation of the subject matter of the dispute, they consider the equities between the parties, and decree in personam according to those equities . . .' "

Under the circumstances in this case, we cannot do otherwise than find that the sole purpose of transferring the judgment of the Court of Common Pleas of Cambria County to West Virginia was to deprive plaintiff of his right to have his personal earnings exempt from application to the payment of his debts.

The chancellor, therefore, reaches the following

### Conclusions of law

1. Plaintiff has no adequate remedy at law, except as against Industrial Collieries Corporation, one of the defendants.

2. The motive of the transfer by defendant Byron Alwine of his judgment from Cambria County, Pa., to Marion County, W. Va., was with intent to deprive plaintiff of his right to have his personal earnings, earned in Pennsylvania, exempt from application to the payment of his debts according to the laws of the Commonwealth of Pennsylvania.

3. Defendant Byron Alwine has violated the provisions of the Act of May 23, 1887, P. L. 164; 12 PS §2175.

4. The creditor, Byron Alwine, the debtor, Milos Prazich, and the garnishee, Industrial Collieries Corporation, are all within the jurisdiction of the courts of this Commonwealth.

5. Plaintiff is entitled to have defendant Byron Alwine enjoined perpetually from further prosecuting in the courts of the State of West Virginia all proceed-

ings on the judgment entered against plaintiff to no. 3, September term, 1943, in the Court of Common Pleas of Cambria County, Pa., for the purpose of having the same collected out of plaintiff's earnings in such manner as would nullify his personal exemption according to the laws of the Commonwealth of Pennsylvania.

### *Decree nisi*

And now, January 15, 1944, defendant Byron Alwine is perpetually enjoined from further prosecuting in the courts of the State of West Virginia all proceedings based on the judgment against plaintiff, Milos Prazich, entered to no. 3, September term, 1943, in the Court of Common Pleas of Cambria County, Pa., for the purpose of causing an attachment for wages to be sued out thereon, thereby denying plaintiff his right to exemption of his wages from attachment for debt according to the laws of the Commonwealth of Pennsylvania.

The bill is dismissed as to the Industrial Collieries Corporation.

Defendant Byron Alwine to pay the costs of this proceeding.

Unless exceptions are filed hereto within 10 days of service of notice of the filing of this decree nisi, this decree shall become the final decree in the above-captioned case.